**Leon PALMER, Plaintiff-Appellant,**

v.

**CITY OF DECATUR, ILLINOIS, Decatur Police Department, et al., Defendants-Appellees.**

No. 86–1364.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1986.

Decided March 12, 1987.

---

Gregory Barnes, Brinkoetter & Barnes, P.C., Decatur, Ill., for plaintiff-appellant.

Frederick P. Velde, Heyl, Royster, Voelker & Allen, Springfield, Ill., for defendants-appellees.

Before CUMMINGS and CUDAHY, Circuit Judges and GORDON, Senior District Judge.*

CUMMINGS, Circuit Judge.

On March 21, 1985, plaintiff, a state prisoner, commenced this action under 42 U.S.C. § 1983 seeking redress for being shot in the leg by City of Decatur police officers after committing a residential burglary. Plaintiff alleged in his *pro se* complaint that the police officers did not see a weapon, yet shot him, and that he was in fact unarmed. The *pro se* plaintiff filed a motion to proceed *in forma pauperis* (pursuant to 28 U.S.C. § 1915) on a preprinted form supplied by the court clerk. Chief Judge Baker of the Central District of Illinois found that the *pro se* complaint, liberally construed, raised a "cognizable constitutional claim" against the three arresting officers for use of excessive force and the City of Decatur and its police department for its alleged policy or custom of failing to train police officers adequately on the use of deadly force. He granted plaintiff leave to proceed *in forma pauperis* on May 6, 1985. That order and the *pro se* complaint were thereafter served on the defendants.

On June 20, 1985, the defendants City of Decatur, its Police Department, and the three police officers filed a motion to dismiss under Rule 12(b)(6). They alleged that plaintiff had failed to state a claim for which relief could be granted because he was fleeing to prevent his arrest for burglary, which Illinois law terms a "forcible felony," and because "the officers acted within the statutes of the State of Illinois by using necessary force to apprehend [such a] fleeing felon." Defendants' Motion to Dismiss ¶¶ 4–7 (June 20, 1985); see Ill.Rev.Stat. ch. 38, ¶¶ 2–8, 7–5 (1985).[1] Apparently unnoticed by defendants, the Supreme Court had issued on March 27, 1985, its decision in *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 which held that a § 1983 suit could be brought against a city and its police department when a residential-burglary suspect was shot and killed by the police as he attempted to flee the burglary and after he had been warned to halt. The Supreme Court held that under the Fourth Amendment (made applicable by the Fourteenth Amendment) "[t]he Tennessee statute is unconstitutional insofar as it authorizes the use of deadly force against [unarmed, nondangerous] fleeing suspects." *Id.* at 11, 105 S.Ct. at 1701.[2]

On August 21, 1985, plaintiff advised Magistrate Evans that he was retaining Gregory L. Barnes as his counsel. Plain-

---

* The Honorable Myron L. Gordon, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

1. The Illinois legislature has since amended Ill. Rev.Stat. ch. 38, ¶ 7–5, to allow the use of deadly force only when the forcible felony "involves the infliction or threatened infliction of great bodily harm." Public Act 84–1426, Art. III, § 1, 1986 Ill.Legis.Serv. 218, 223 (effective Sept. 24, 1986).

2. At oral argument of this appeal defense counsel admitted—as he had to in view of *Tennessee v. Garner* —the groundlessness of the motion to dismiss.

tiff was given until September 11 for his attorney to make an appearance and respond to the motion to dismiss. On November 12, the district court of its own volition dismissed the complaint with prejudice[3] for want of prosecution. Fifteen days later Barnes entered his appearance for plaintiff and filed a motion to vacate the dismissal. Attached to that motion was plaintiff's "motion to confess motion to dismiss and for leave to file amended and supplemental pleading." This prompted defense counsel to file on December 4, 1985, what was styled their "objection and motion to strike the entry of appearance and motion to vacate as well as motion to confess filed by plaintiff."

In his December 12, 1985, order denying plaintiff's motion to reconsider the dismissal, Judge Mills pointed out that on August 21, 1985, Magistrate Evans had ordered plaintiff to secure counsel and respond to defendants' motion to dismiss by September 11, 1985, and that this time was "informally extended" two additional months by the district judge.[4] Even though plaintiff had been proceeding *in forma pauperis* and *pro se* until November 27th, the district court remained adamant in refusing reconsideration on December 12th. Eleven days later plaintiff filed a motion for rehearing or to alter or amend judgment. On January 2, 1986, defendants objected to that motion, and it was denied on January 23, 1986. Plaintiff appealed from the January 23, 1986 order. We reverse.

At the time this action was first dismissed, plaintiff was imprisoned and acting *pro se;* therefore his case is governed by a less stringent standard than litigants represented by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972) (*per curiam*); *Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272, 277 and n. 9 (7th Cir.1986); *Duncan v. Duckworth,* 644 F.2d 653, 655–656 (7th Cir.1981). Moreover, he was unable to negotiate a contin-

gent fee contract with counsel until after the November 12th order dismissing his case with prejudice. Plaintiff's Motion to Vacate Dismissal for Lack of Prosecution ¶ 6 (Nov. 27, 1985) (Plaintiff's App. A–10).

Plaintiff was given no notice by the magistrate or district judge that his complaint might be dismissed with prejudice if he did not obtain counsel and respond to the initial motion to dismiss by September 11, 1985. The dismissal of the complaint occurred on November 12, 1985, ten days before the cut-off date to complete discovery ordered by Judge Baker, who had also ordered "case dispositive motions" to be filed 30 days after the close of discovery and had scheduled December 1985 for a pretrial conference. The magistrate at the very least should have advised the then uncounseled plaintiff that dismissal with prejudice would result if he missed the September 11th deadline for obtaining counsel and responding to defendants' motion to dismiss. *Schilling,* 805 F.2d at 277; *Camps v. C & P Telephone Co.,* 692 F.2d 120, 125 (D.C. Cir.1981).

The only judicially imposed deadline missed was the September 11th one imposed by the magistrate before this incarcerated plaintiff was able to obtain counsel in November. We sympathize with the statement of the plaintiff's counsel at oral argument that prisoners who are without funds have great difficulty locating and employing lawyers to represent them in civil actions. See *Merritt v. Faulkner,* 697 F.2d 761, 768–769 (7th Cir.1983) (Cudahy, J., concurring), certiorari denied, 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366. The district court should have allowed this incarcerated plaintiff time to arrange for counsel, while monitoring and prodding his efforts. In dismissing the case before plaintiff had been able to secure counsel, there was a clear abuse of discretion. This course of action was contrary to the well-established duty of the trial court to ensure that the claims of a *pro se* litigant are

---

3. Under Rule 41(b) of the Federal Rules of Civil Procedure, the dismissal operated as an adjudication upon the merits.

4. The docket sheet does not reveal such an extension, but the district judge termed it a "grace period" in his December 12th order (Plaintiff's App. A–23).

given a "fair and meaningful consideration." *Schilling*, 805 F.2d at 277; *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983); *Madyun v. Thompson*, 657 F.2d 868, 876–877 (7th Cir.1981), disapproved on other grounds by *Hudson v. Palmer*, 468 U.S. 517, 531 n. 10, 533, 104 S.Ct. 3194, 3202 n. 10, 3203–3204, 82 L.Ed.2d 393; see also *Haley v. Kansas City Star*, 761 F.2d 489 (8th Cir.1985); *Holt v. Pitts*, 619 F.2d 558, 559, 562 (6th Cir.1980).

In the present case, the nine-month delay from the filing of the complaint until the dismissal of the suit and the subsequent entry of counsel did not warrant the dismissal with prejudice sanction. In a relatively young case such as this, there is usually not the requisite delay for severe sanctions and thus dismissal is especially inappropriate unless there is a clear record of contumacious conduct or failed prior sanctions. *Schilling*, 805 F.2d at 275–276 (16–month-old case); *Webber v. Eye Corp.*, 721 F.2d 1067, 1069–1071 (7th Cir.1983) (18–month-old case); accord *McKelvey v. AT & T Technologies*, 789 F.2d 1518, 1520–1521 (11th Cir.1986) (*per curiam*) (18–month-old case); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 555–558 (5th Cir.1981) (24–month-old case); *United States v. Inter-American Shipping Corp.*, 455 F.2d 938, 940 (5th Cir.1972) (*per curiam*) (6–month-old case); see 9 C. Wright & A. Miller, Federal Practice and Procedure § 2369, at 193–198 (1971).[5]

We fully agree with *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir.1981) (*per curiam*), that dismissal with prejudice is such a harsh penalty that it should be imposed only in extreme circumstances. There Raiford's case was about one year old at the time the dismissal order was

erroneously entered; this plaintiff's case was even younger. Here the district court abused its discretion by dismissing the case with prejudice and thus depriving plaintiff of his day in court, instead of considering less drastic alternative sanctions. *Id.*

Instead of imposing this overkill, the court could have, for example, issued a rule to show cause or treated plaintiff's failure to respond after the court had instructed him to do so as a waiver of his right to respond and decided the motion on the basis of defendants' brief alone. Otherwise contempt plus leave to purge could have been imposed. Finally, the court could have ordered dismissal while allowing plaintiff leave to vacate the dismissal or leave to file an amended complaint. Plaintiff's counsel is not to blame because, as noted, he was not retained until after the action had been dismissed. Given that plaintiff was incarcerated and could not appear in court, written notice to plaintiff warning of dismissal on the merits should certainly have been given before his case was dismissed with prejudice.

Defendants have failed to demonstrate any prejudice suffered by the delay. Prejudice may not be assumed when the action is relatively new and the delay is not the product of contumacious conduct. Their conclusory statement of "emotional stress" is unconvincing because the first district judge had already held that the *pro se* complaint, liberally construed, stated a claim when he granted the *in forma pauperis* petition. Indeed defendants' attorney in effect conceded the adequacy of the *pro se* complaint at oral argument. Because defendants have shown no prejudice resulting from the period between the commencement of this action and the Novem-

---

**5.** As we recognized in *Schilling*, 805 F.2d at 277, some undaunted plaintiffs have managed to create a clear record of delay despite their lawsuits being relatively young. See, *e.g., 3 Penny Theater Corp. v. Plitt Theatres*, 812 F.2d 337, 339–340 (7th Cir.1987) (not abuse of discretion to dismiss 24-month-old case when plaintiff's attorney missed 3 status hearings, ignored 2 discovery deadlines (eventually complying 10 months after the second deadline), refused to produce documents which it had previously agreed to produce (finally complying in view of scheduled hearing

on matter), and despite seeking 4 extensions—the first 3 of which had been granted—to file the pretrial materials, missed the final deadline to file and instead sought a fifth extension). Also, in some relatively young cases a clear record of contumacious conduct has necessitated the sanction of dismissal instead of lesser sanctions. See *Roland v. Salem Contract Carriers*, 811 F.2d 1175, 1178–1179 (7th Cir.1987); *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir.1986).

ber retaining of counsel, it was an abuse of discretion for the district court *sua sponte* to dismiss this action with prejudice and then refuse to reinstate the action upon the motion of plaintiff's newly retained counsel. This refusal to reinstate the suit was inconsistent with the analogous line of cases recognizing that absent circumstances such as a pattern of deliberate disregard of court orders, it is generally an abuse of discretion to refuse to set aside a default judgment. *Passarella v. Hilton Int'l Co.,* 810 F.2d 674, 677 (7th Cir.1987); *Bieganek v. Taylor,* 801 F.2d 879, 881–882 (7th Cir. 1986); *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir.1981).[6]

All the parties agree that this complaint was dismissed before the *pro se* and *in forma pauperis* plaintiff had been able to retain counsel, and also agree that the district court dismissed the complaint with prejudice when the failure to comply with the court order spanned less than three months (from September 11 until November 12). Because this was too harsh a remedy in these circumstances, the January 23, 1986 order denying rehearing or to alter or amend the judgment is reversed, the dismissal with prejudice is vacated, and the case is remanded for further proceedings consistent herewith.

---

6. Thus, "[w]here the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency." 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 55.10[2], at 55–61 to –62 (footnotes omitted). Where disrespect for the court or unexplained dilatoriness in moving to set aside the default is shown, this liberality has been less forthcoming. See, *e.g., In re Kilgus,* 811 F.2d 1112, 1114, 1117–1118 (7th Cir. 1987) (entry of default judgment not an abuse of discretion when the cross-defendant, despite receiving written notice, did not attempt to appear or answer until over 2 months after the motion for default judgment had been filed and 3 weeks had passed since the hearing was held on that motion).