William DESPENZA,
Petitioner–Appellant,

v.

Michael O'LEARY and Neil F. Hartigan,
Respondents–Appellees.

Terry Joe BECRAFT,
Plaintiff–Appellant,

v.

Teddy KINDLE and Lois Weaver,
Defendants–Appellees.

Robert B. CIARPAGLINI,
Plaintiff–Appellant,

v.

James RYAN, Correctional Officer,
Defendant–Appellee.

Nos. 89–2011, 89–2028, 89–2072.

United States Court of Appeals,
Seventh Circuit.

Submitted July 5, 1989.

Decided Nov. 3, 1989.

William Despenza, Stateville Correctional Center, Joliet, Ill., for petitioner-appellant.

Terence M. Madsen, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, Ill., for respondent-appellee.

Robert B. Ciarpaglini, Waupun Correctional Institution, Waupun, Wis., for plaintiff-appellant in Case No. 89–2072.

Richard Perkins, Asst. Atty. Gen., Office of the Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for defendant-appellee in Case No. 89–2072.

Terry J. BeCraft, Westville Correctional Center, Westville, Ind., for plaintiff-appellant in Case No. 89–2028.

John D. Ulmer, Michael F. DeBoni, Randall M. Jacobs, Yoder, Ainlay, Ulmer & Buckingham, Goshen, Ind., for defendant-appellee in Case No. 89–2028.

Before BAUER, Chief Judge,
CUMMINGS and RIPPLE, Circuit
Judges.

PER CURIAM.

The *pro se* appellants in these unrelated appeals failed to timely file a "Jurisdictional Statement" as required by Circuit Rule 3(c).[1]  On May 17th (in appeal 89–2011), May 25th (in appeal 89–2028), and May 31st (in appeal 89–2072) the court ordered these appellants to file the required jurisdictional statements within fourteen days of the respective show cause orders.  Appellants were advised that failure to comply would

---

1. Seventh Circuit Rule 3(c) provides in pertinent part:

"The appellant must serve on all parties a jurisdictional statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal...."

result in a $100 fine and/or dismissal of the appeal. These appellants have not filed a jurisdictional statement to date. Accordingly,

IT IS ORDERED that appeals 89–2011, 89–2028 and 89–2072 are DISMISSED for failure to file the required Circuit Rule 3(c) jurisdictional statements.

RIPPLE, Circuit Judge, dissenting.

The court today dismisses these three civil cases because the appellants, proceeding *pro se*, have failed to file a jurisdictional statement in conformity with our Circuit Rule 3(c). Each appellant has been warned previously that failure to comply with the Rule will result in a one hundred dollar fine and/or dismissal of the appeal.

If these appellants were not proceeding *pro se* but were represented by counsel, the normal practice of this court would be to fine counsel of record one hundred dollars. However, the case would not be dismissed. The party would have an additional seven days in which to file the jurisdictional statement. Therefore, with respect to the treatment of civil litigants, the court's practice is to treat *pro se* litigants differently from—and more harshly than—it treats civil litigants represented by counsel. As a practical matter, appellants represented by counsel receive a second notice and seven additional days in which to file their jurisdictional statements, while the appeals of *pro se* litigants are dismissed immediately if the required statement is not filed within the fourteen-day show cause period. Although a *pro se* litigant's appeal can be reinstated if he later attempts to comply with the rule, the order dismissing the *pro se* appeal does not inform the appellant of this possibility.

In all courts of the United States, parties have a statutory right to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. In light of this statutory right, our current practice with regard to sanctions for failure to comply with Rule 3(c) gives rise to two concerns. The first grows out of the principle that avenues of appellate review "must be kept free of unreasoned distinctions that can

only impede open and equal access to the courts." *Rinaldi v. Yeager,* 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966); *see also Ross v. Moffitt,* 417 U.S. 600, 612, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974) (fourteenth amendment requires "that the state appellate system be 'free of unreasoned distinctions'") (quoting *Rinaldi,* 384 U.S. at 310, 86 S.Ct. at 1500). Distinctions between represented and *pro se* appellants must have "'some relevance to the purpose for which the classification is made.'" *Rinaldi,* 384 U.S. at 309, 86 S.Ct. at 1500 (quoting *Baxstrom v. Herold,* 383 U.S. 107, 111, 86 S.Ct. 760, 763, 15 L.Ed.2d 620 (1966)). Imposing different sanctions on represented and *pro se* appellants is not relevant to the goal of ensuring strict compliance with Rule 3(c). It will not do to rationalize the current practice on the ground that it punishes the "guilty party" —the lawyer or the *pro se* litigant—while giving a second chance to the "innocent party"—the represented litigant who knows nothing of his lawyer's delict. Litigants regularly suffer the consequence of their attorneys' misfeasance. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–35, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962); *see also Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.,* 869 F.2d 1058, 1061 (7th Cir.1989); *Hough v. Local 134, IBEW,* 867 F.2d 1018, 1022 (7th Cir.1989); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 609 (7th Cir.1986). The remedy is an action against the lawyer. *See Link,* 370 U.S. at 634 n. 10, 82 S.Ct. at 1390 n. 10; *see also Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989); *INRYCO, Inc. v. Metropolitan Eng'g Co., Inc.,* 708 F.2d 1225, 1233 (7th Cir.1983). Nor can the discriminatory policy be justified on the ground that fines will be no deterrent to the *pro se* litigant. Proceeding *pro se* and indigency are not synonymous.

My second concern flows more directly from the statutory right to self-representation established by 28 U.S.C. § 1654. As our colleagues on the Second Circuit have explained,

[i]mplicit in the right to self-representation is an obligation on the part of the

court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with relevant rules of procedural and substantive law," *it should not be impaired by harsh application of technical rules.*

*Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) (citation omitted) (emphasis supplied)). I do not, of course, believe that the imposition of sanctions on a *pro se* litigant for the failure to comply with the rules of this court is unduly harsh. The right of self-representation is not "a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834–35 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975). However, it does seem unnecessarily harsh to impose a serious sanction (dismissal) on *pro se* appellants after receipt of one rule to show cause order when the appeals of represented appellants are not dismissed until their attorneys are *twice* ordered to comply with Rule 3(c). *See generally Palmer v. City of Decatur,* 814 F.2d 426, 428 (7th Cir.1987); *Schilling v. Walworth County Park and Planning Comm'n,* 805 F.2d 272, 277–78 (7th Cir. 1986).

Since the court apparently believes that it is desirable to provide represented appellants with two notices ordering them to comply with Rule 3(c) before dismissing their appeals for noncompliance with the Rule, it ought to provide the same second notice to *pro se* appellants as well.