983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randall CURTIS, Plaintiff/Appellant,
v.
Jeff PHARIS and Roalda J. Alderman, Defendants/Appellees.
 No. 90-2304.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 29, 1992.
As Amended Jan. 5, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Pro se plaintiff-appellant Randall Curtis appeals the district court's dismissal for want of prosecution, Fed.R.Civ.P. 41(b), of his civil rights action against certain employees of the Elgin Mental Health Center, where Curtis was involuntarily committed. We affirm.
 
 I. FACTS
 
 2
 On April 21, 1989, Curtis, then a resident of the Elgin Mental Health Center (EMHC), filed pro se a civil rights action under 42 U.S.C. § 1983. Curtis sought redress for being subjected to "cruel and inhumane treatment" in violation of his constitutional rights by the defendants, employees of the EMHC. Curtis was sentenced to the Forensic Treatment Program of the EMHC, a facility operated by the State of Illinois, after having been found not guilty by reason of insanity on an unspecified criminal charge. At the time Curtis filed this action, he indicated that a previous action he had filed concerning his imprisonment was still pending in federal district court. Curtis's motion to proceed in forma pauperis in the present case was granted on May 17, 1989.
 
 
 3
 The defendants filed an answer and a jury demand on June 22, 1989. In their answer, the defendants denied violating Curtis's constitutional rights, and further claimed that they were entitled to qualified immunity. They accordingly requested the court to dismiss Curtis's action with prejudice. On August 23, 1989, Curtis filed a motion to stay action on the defendant's request, stating that he had no access to legal materials and that the court had failed to appoint counsel to represent him.[1] At a status hearing held on September 29, 1989, defendants were granted leave to file a motion to dismiss.
 
 
 4
 On January 10, 1990, Curtis was released from the EMHC and returned to his home. A status hearing was held on January 17, 1990, and continued to February 8, 1990, pending a report on a motion to be filed to consolidate the present action with Curtis's previous lawsuit concerning his confinement.[2] Curtis did not appear at the January 17, 1990 status hearing. A status hearing was held on February 8, 1990, and continued to April 19, 1990, pending a ruling on the motion to consolidate.[3] Curtis failed to appear at the February 8, 1990 status hearing, and notice was mailed that the hearing had been continued. At the April 19, 1990 status hearing, status was continued to April 30, 1990 and Curtis was ordered to appear.
 
 
 5
 At the status hearing held on April 30, 1990, Curtis again failed to appear, and the court granted defendants' motion to dismiss the complaint for want of prosecution. A status hearing was set for May 11, 1990 to allow Curtis to present a motion to vacate the dismissal of his claim. Absent an appearance by Curtis, the court indicated that it would enter final judgment against him. Notice of these proceedings was mailed.
 
 
 6
 Curtis again failed to appear on May 11, 1990, and the court entered final judgment dismissing his suit with prejudice on May 15, 1990. Curtis appealed from this judgment on June 12, 1990.
 
 II. ANALYSIS
 
 7
 Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a case with prejudice for plaintiff's failure to prosecute. Dismissal is appropriate when there is a clear record of delay or contumacious conduct, or when other sanctions have proven ineffective. 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir.1987); Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177 (7th Cir.1987). Furthermore, where the record of delay is clear, the district court need not impose lesser sanctions before dismissing the case. Lockhart v. Sullivan, 925 F.2d 214, 219 (7th Cir.1991); Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir.1989). We review a dismissal for failure to prosecute under an abuse of discretion standard, Lockhart, 925 F.2d at 217, taking into consideration both the procedural history of the case and its status at the time it was dismissed. Lowe v. City of East Chicago, 897 F.2d 272, 274 (7th Cir.1990).
 
 
 8
 The record in this case indicates that subsequent to filing this lawsuit on April 21, 1989, Curtis attempted direct communication with the district court on only one occasion, August 23, 1989, when he filed a motion to stay proceedings. Curtis failed to appear, or to attempt to explain his absence, at four status hearings, disobeying a court order to appear at the April 30, 1990 status hearing. Furthermore, the court warned Curtis of the consequences of his failure to prosecute this claim when it continued the case until May 11, 1990 to give him an opportunity to enter a motion to vacate dismissal before entering final judgment against him. Cf. Palmer v. City of Decatur, 814 F.2d 426, 428 (7th Cir.1987) (plaintiff was given no notice that his complaint might be dismissed with prejudice if he failed to respond to defendants' motion).
 
 
 9
 On appeal, Curtis argues for the first time that he could not appear before the district court due to being incarcerated,[4] that he had problems with delayed mail and was not apprised of the status of his case. He also alleges that his brother attempted to represent him at the May 11, 1990 status hearing and was denied leave to address the court. While it is true that a pro se plaintiff, particularly one who is imprisoned, is held to less stringent standards than a litigant represented by a lawyer, Palmer, 814 F.2d at 428, in this case Curtis failed to take timely steps to notify the district court that he was incarcerated or otherwise unable to appear at status hearings. Moreover, unlike the plaintiff in Sisk v. United States, 756 F.2d 497 (7th Cir.1985), Curtis took no steps to prosecute his claim. See id. at 499 (plaintiff persisted in prosecution of his claim to the trial stage, and court was advised that plaintiff's incarceration would likely make it impossible for him to appear for trial); see also Brown v. Frey, 806 F.2d 801, 804 (8th Cir.1986) (plaintiff diligently pursued his claim to the best of his ability). Under these circumstances, it was not an abuse of discretion to dismiss Curtis's claim. See Anderson v. United Parcel Service, 915 F.2d 313, 315 (7th Cir.1990) ("The district court's decision must strike us as fundamentally wrong for an abuse of discretion to occur.").
 
 CONCLUSION
 
 10
 For the foregoing reasons, the dismissal with prejudice of Curtis's claim is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The record reveals no formal motion by Mr. Curtis for the appointment of counsel, nor prior mention of this request. The record also fails to reveal any express ruling on Mr. Curtis's motion to stay action, or a reply to his informal request for appointment of counsel
 
 
 [2]
 The record indicates that no notice was mailed concerning these proceedings
 
 
 [3]
 The record does not indicate the eventual disposition of this motion
 
 
 [4]
 Mr. Curtis claims that he was incarcerated at the Cook County Department of Corrections on February 26, 1990, approximately six weeks after being released from the EMHC