9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Placido LaBOY, Jr., Plaintiff/Appellant,
v.
Aurelia PUCINSKI, Defendant/Appellee.
 No. 92-1979.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Placido LaBoy, Jr., filed this pro se civil rights action on July 8, 1991, alleging that Aurelia Pucinski, Clerk of the Circuit Court of Cook County, Illinois, and others conspired to deprive him of the constitutional right of access to the court. The district court gave LaBoy thirty days from July 15, 1991 to amend his complaint. LaBoy amended his complaint on August 1, 1991 and was granted leave to proceed in forma pauperis shortly thereafter.
 
 
 2
 On November 1, 1991, the district court granted Pucinski's Rule 12(b)(6) motion to dismiss but allowed LaBoy to file another amended complaint by December 15, 1991. LaBoy filed a "Motion for Inquiry on Defendants' Motion to Dismiss" and a "Motion to Vacate the Order Dismissing Plaintiff's Amended Complaint" on November 7 and November 25, 1991 respectively. On December 3, 1991, the district court granted LaBoy's motion to vacate and gave him until December 27 to respond to Pucinski's motion to dismiss.
 
 
 3
 On January 6, 1992 the district court sua sponte extended the time until January 28, 1992. The district court warned LaBoy that if he did not file a response or otherwise contact the court by that date, the action would be dismissed for want of prosecution.
 
 
 4
 LaBoy moved for an extension on January 24, 1992 and was allowed until March 16, 1992 to respond. He did not file his response by that date, but instead moved again for an extension on March 17, 1992. His motion was denied. In the same order, the district court granted Pucinski's Rule 12(b)(6) motion and dismissed the action for want of prosecution pursuant to Fed.R.Civ.P. 41(b). LaBoy appeals.
 
 I.
 
 5
 We review a dismissal under Rule 41(b) for an abuse of discretion, examining the "procedural history of the case and the situation at the time of dismissal." Casteel v. Pieschek, No. 91-1227, slip op. at 11 (7th Cir. August 23, 1993). Dismissal is proper when there is a "clear record of delay or contumacious behavior," or when other sanctions have proved unavailing. Id. We will reverse if the district court acted "precipitately, willfully, [or] unreasonably." Ball v. City of Chicago, No. 92-3358, slip op. at 5 (7th Cir. August 12, 1993). Factors considered in a Rule 41(b) dismissal include the effect of the plaintiff's dilatory conduct in disrupting the trial judge's calendar, the sufficiency of the warning prior to the dismissal, the probable merits of the suit, and prejudice or harm to the defendant. Id.
 
 
 6
 This case was approximately eight months old when it was dismissed. We have recently declined to specify a fixed age for a Rule 41(b) dismissal because "the circumstances warranting such a dismissal are infinitely variable." Id. However, a dismissal with prejudice is generally disfavored with relatively young cases. Lowe v. City of East Chicago, Indiana, 897 F.2d 272, 275 (7th Cir.1990) (dismissal reversed because the case was only a year old and there was only one instance of noncompliance with a discovery order); Palmer v. City of Decatur, Ill., 814 F.2d 426, 429 (7th Cir.1987) (dismissal of pro se prisoner's nine-month-old civil rights action reversed when the delay involved was less than three months, and plaintiff missed only one judicially imposed deadline and was not given any warning prior to dismissal); Webber v. Eye Corp., 721 F.2d 1067, 1071 (7th Cir.1983) (dismissal of a case "barely 18 months old" reversed when there was a single failure by plaintiff to provide the names of prospective witnesses).
 
 
 7
 While the relative young age of a case does not prevent a dismissal under Rule 41(b), 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir.1987), there is usually a clear history of dilatory conduct when such dismissals are upheld. Palmer, 814 F.2d at 429. See, e.g., Lockhart v. Sullivan, 925 F.2d 214 (7th Cir.1991) (dismissal without prior warning of pro se attorney's nine-month-old case proper when she failed to attend a status hearing, her own deposition, and a scheduled discovery conference and gave conflicting explanations for her conduct); Daniels v. Brennan, 887 F.2d 783 (7th Cir.1989) (dismissal proper where plaintiff's attorney repeatedly failed to prepare and to appear at status hearings and was given two warnings prior to dismissal).
 
 
 8
 The procedural history of this case seems to lack the requisite delay or contumacious conduct warranting a Rule 41(b) dismissal. LaBoy filed his amended complaint within the time period proscribed by the district court. His two motions to vacate Pucinski's motion to dismiss were made within twenty-five days of the district court's order and prior to the time set for an amended complaint to be filed. The actual delay involved in this case is about two and one-half months, beginning with the first deadline of December 27, 1991 for his response to the Rule 12(b)(6) motion and ending on the date of the Rule 41(b) dismissal. During that time, LaBoy was given two extensions, one on the district court's own motion and the other on LaBoy's motion. Thus, the only noncompliance was LaBoy's failure to meet the March 16 deadline for which he asked for an extension only the day after the deadline.
 
 
 9
 LaBoy has provided excuses for his delay. He was engaged in at least two other criminal and civil proceedings in conjunction with this present action,[1] limiting his time to do legal research for this case. Also, as a prisoner, his access to the law library was restricted. Nothing indicates that LaBoy requested the extensions to gain a strategic advantage over the defendant nor is there a showing of lack of diligence.
 
 
 10
 Cases in which no abuse of discretion was found in a Rule 41(b) dismissal generally present a much clearer history of dilatory behavior. See, e.g., Ball, No. 92-3358, slip op. at 2-3 (plaintiff's attorney failed to appear at status hearings and a pretrial conference, missed various filing deadlines and the deadline for response to defendants' motion to dismiss, failed to file response to interrogatories by the extended deadline, and was sanctioned twice and repeatedly warned of the possibility of dismissal for want of prosecution); Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058 (7th Cir.1989) (plaintiff was given six extensions over a period of more than one year to file a pre-trial order); Zaddack v. A.B. Dick Co., 773 F.2d 147 (7th Cir.1985) (plaintiff was on her third set of attorneys, had requested continuance of discovery on three previous occasions, had failed to file a memorandum as directed by the court, and had failed to appear timely at a status call).
 
 
 11
 On the other hand, the district court satisfied the warning requirement set out in Ball, in which we said that while "due warning" is required, it need not be repeated warning. No. 92-3358, slip op. at 6. The district court gave LaBoy the explicit warning that failure to respond to the motion to dismiss or otherwise contact the court by January 28, 1992 would result in dismissal for failure to prosecute. Although LaBoy contacted the court before January 28 to request an extension until March 16, he ultimately failed to respond or contact the court by that date.
 
 
 12
 In summary, while LaBoy's failure to meet deadlines is disruptive to the district court's calendar, his case appears to lack the requisite delay or contumacious conduct generally found in a Rule 41(b) dismissal. It is debatable whether the district court abused its discretion in dismissing the case for failure to prosecute. However, we need not decide that issue because the dismissal can be affirmed under Rule 12(b)(6).
 
 II.
 
 13
 We review a Rule 12(b)(6) dismissal de novo, assuming the truth of the allegations and making all reasonable inferences in the plaintiff's favor. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992). We will affirm only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Casteel, No. 91-1227, slip op. at 13. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because LaBoy is acting pro se, we will liberally construe his complaint. Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir.1992). Also, a court should ordinarily permit a pro se litigant an opportunity to amend his complaint before dismissing it for failure to state a claim. Casteel, No. 91-1227, slip op. at 12. In this case, we consider LaBoy's amended complaint.
 
 
 14
 LaBoy's complaint alleged deprivations of rights under the First, Fifth, Sixth and Fourteenth Amendments, and he sought redress under 42 U.S.C. Secs. 1983, 1985(2)-(3), and 1986. The only facts he provided are that he made a motion for trial transcripts and common law records of his criminal case and that the defendant failed to comply with Illinois Supreme Court Rule 607(b), Ill.Rev.Stat. Ch. 110A p 607 (1989), requiring the release of records to him. He alleged that Pucinski and "other unknown defendants discussed the motion in a joint agreement to deprive plaintiff his rights to petition the government for a redress of grievances of his Constitutional Rights, and access to the Court." He further alleged that the defendant and others had "conspired discriminately" against him for the purpose of obstructing justice. Other misconduct by the defendant that LaBoy alleged include tampering with public records, and adopting and implementing discriminatory policies.
 
 
 15
 LaBoy filed this present action two years after he made the motion for his criminal records. He did not say, however, what had happened to the motion, nor did he indicate whether more attempts were made to get the records or whether he eventually got the records. He offered no facts to support the contention that Pucinski and others willfully conspired to deprive him of his rights. As the district court found in its initial dismissal of the case, LaBoy's complaint provided numerous statutory citations and several pages of legalese, but neglected the most important component of his complaint--the facts. His complaint is insufficient to establish a conspiracy at all, much less a conspiracy that aims to deprive him of his constitutional rights. See Bowman, 980 F.2d at 1107 ("a complaint must contain more than mere conclusory allegations of a conspiracy" under Sec. 1983; a factual basis for such allegations must be provided). Accordingly, the district court's dismissal is AFFIRMED based on Rule 12(b)(6).
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 LaBoy stated that he was acting pro se in a criminal proceeding that was scheduled for approximately two weeks starting on February 5, 1992. He was also preparing a "motion for judgment of acquittal notwithstanding the verdict" which was to be filed on March 23, 1992