**In re Denny PASSIALIS, Debtor.**

**Ernie Rizzo, Plaintiff,**

**v.**

**Denny Passialis, Defendant.**

**Bankruptcy No. 02 B 24435.**
**Adversary No. 02 A 01395.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

April 15, 2003.

**348**

Ernie Rizzo, pro se.

Gregory J. Martucci, Esq., Law Offices of Gregory J. Martucci, P.C., Roselle, IL, for Defendant.

David R. Brown, Esq., David R. Brown & Associates P.C., Roselle, IL, trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of the debtor, Denny Passialis (the "Debtor"), for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056 on the complaint filed by Ernie Rizzo ("Rizzo") against the Debtor for the determination of the dischargeability of a debt under 11 U.S.C. § 523(a)(6). For the reasons set forth herein, the Court denies the motion because there are material factual disputes. The Court lacks subject matter jurisdiction under 28 U.S.C. § 157(b)(5) to determine the merits of or liquidate the slander claim underlying Rizzo's dischargeability complaint because the claim is in the nature of a personal injury tort. Although the Court has jurisdiction to determine whether Rizzo's claim is non-dischargeable under 28 U.S.C. § 1334, Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, 28 U.S.C. § 157(b)(2)(I), 11 U.S.C. §§ 523(a)(6) and 523(c)(1) and Federal Rule of Bankruptcy Procedure 4007(c), Rizzo may forthwith move to withdraw the district court's reference of this matter under 28 U.S.C. § 157(d) in order for the district court to assess the Debtor's potential liability and award appropriate damages. Pursuant to the Final Pretrial Order, a trial is scheduled to commence in this adversary proceeding on May 30, 2003 at 1:00 p.m., and unless the reference is withdrawn, the trial will proceed as scheduled.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The determination of the issue of whether Rizzo's claim against the Debtor is non-dischargeable under 11 U.S.C. § 523(a)(6) is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court, however, lacks subject matter jurisdiction to determine the merits of or liquidate Rizzo's personal injury claim against the Debtor under 28 U.S.C. § 157(b)(5). The merits of the underlying slander claim must be tried in the district court or it may lift the automatic stay to allow the claim to be tried and liquidated in the state court.

## II. APPLICABLE STANDARDS

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). *See also Dugan v. Smerwick Sewerage Co.,* 142 F.3d 398, 402 (7th Cir.1998). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990); *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmens Federal Sav. & Loan Ass'n of Indianapolis,* 806 F.2d 146, 149 (7th Cir.1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. International Bhd. of Teamsters, Local 710,* 153 F.3d 774, 777 (7th Cir.1998).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Matsushita,* 475 U.S. at 585–86, 106 S.Ct. 1348; *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Frey v. Fraser Yachts,* 29 F.3d 1153, 1156 (7th Cir.1994). "Summary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton,* 231 F.3d 1060 (7th Cir. 2000); *Szymanski v. Rite-Way,* 231 F.3d 360 (7th Cir.2000).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, rather its response must show that there is a genuine issue for trial. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *Patrick v. Jasper County,* 901 F.2d 561, 564–566 (7th Cir.1990). The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. If the burden of persuasion at trial would be on the non-moving party, the party moving for summary judgment may satisfy Rule 56's burden of production by

either submitting affirmative evidence that negates an essential element of the non-moving party's claim, or by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *See Union Nat'l Bank of Marseilles v. Leigh (In re Leigh),* 165 B.R. 203, 212–13 (Bankr. N.D.Ill.1993) (citation omitted).

Local Bankruptcy Rule 402.M of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR56.1 and its predecessor Local Rule 12(M) applies to Local Bankruptcy Rule 402.M.

Pursuant to Local Bankruptcy Rule 402, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, Rule 402.M requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("402.M statement"). The 402.M statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." *Id.*

The Debtor filed a 402.M statement that substantially complies with the requirements of Rule 402.M. It contains numbered paragraphs setting out uncontested facts with specific references to parts of the record as well as additional exhibits.

The party opposing a summary judgment motion is required by Local Rule 402.N to respond ("402.N statement") to the movant's 402.M statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 402.N. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr.R. 402.N(3)(a). Most importantly, "[a]ll material facts set forth in the [402.M] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 402.-N(3)(b).

"Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant ... pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir.1994) (citations omitted). It is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a 'fair and meaningful consideration.'" *Palmer v. City of Decatur,* 814 F.2d 426, 428–29 (7th Cir.1987) (quotation and citations omitted); *see also Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981) (pro se pleadings are held to less stringent standards than those prepared by counsel). Rizzo has substantially complied with this Rule by responding to each allegation in the Debtor's Rule 402.M statement and by attaching additional exhibits in support of his response. Most significantly, he has denied eight of the material facts set forth in the Debtor's Rule 402.M statement.

## III. *FACTS AND BACKGROUND*

Based upon the Debtor's Rule 402.M statement and Rizzo's Rule 402.N state-

ment, the Court is able to ascertain the following facts. The genesis of the problems between Rizzo and the Debtor results from the fact that they are neighbors whose dispute apparently arose regarding a boundary line. Rizzo has been a licensed private investigator for 42 years. Rizzo has four offices, one at a residence located at 3N333 Ellsworth Avenue, Addison, Illinois. This office is staffed by Rizzo's employee, Amy Tookey who owns this property. The Debtor resides next door at 3N345 Ellsworth Avenue, Addison, Illinois.

On June 25, 2002, the Debtor filed a voluntary Chapter 13 petition. Thereafter, the case was converted to Chapter 7 on September 5, 2002. Rizzo was listed as an unsecured creditor of the Debtor based upon a complaint that Rizzo filed against the Debtor for defamation in the Circuit Court of DuPage County, Illinois (the "State Court Complaint"). *See* Exhibit No. 1 to the Motion for Summary Judgment. The State Court Complaint currently remains pending and undetermined. The Debtor has disputed the substantive allegations contained in the State Court Complaint. *See* Exhibit No. 2 to the Motion for Summary Judgment.

On September 23, 2002, Rizzo filed the instant adversary proceeding against the Debtor. *See* Exhibit No. 3 to the Motion for Summary Judgment. In the complaint, Rizzo seeks, pursuant to 11 U.S.C. § 523(a)(6), to determine the dischargeability of the unliquidated slander claim based on the allegations contained in the State Court Complaint. In his answer to the complaint, the Debtor has disputed these allegations. *See* Exhibit No. 4 to the Motion for Summary Judgment. Specifically, Rizzo alleges in the complaint at bar, that the in the months of July, September and October 2001, in the presence of third persons, the Debtor maliciously spoke slanderous words about Rizzo, including:

(1) that "Rizzo illegally tapped my telephone and that of the neighbor's;" (2) that "Rizzo threatened to plant bombs in my home;" (3) that "Rizzo committed bank fraud;" (4) that "Rizzo illegally tapped into the Addison sewer system;" and (5) that "Rizzo stalked and threatened me and my family." *See* Exhibit No. 3 to the Motion for Summary Judgment. Rizzo contends that these statements falsely imputed the commission of crimes to Rizzo and are slanderous per se. Further, Rizzo charges that these statements spoken by the Debtor were wholly false and spoken in an attempt to discredit Rizzo's testimony in several criminal matters that are pending against the Debtor in the state court. Rizzo asks the Court to find that any judgment entered against the Debtor in the State Court Complaint be found non-dischargeable under § 523(a)(6). Further, Rizzo seeks a judgment in his favor in the amount of $1,000,000.00. Basically, Rizzo seeks adjudication, liquidation and award of damages for the slander claim underlying the State Court Complaint, as well as the dischargeability determination.

Rizzo disputes many of the material facts set forth in the Debtor's Rule 402.M statement. Specifically, Rizzo denies that he ever made a bomb threat against the Debtor. Further he denies that he stalked or threatened the Debtor and his family. His denial of these material issues of fact are fatal to the Debtor's motion for summary judgment.

The Court has no jurisdiction to determine the slander claim underlying Rizzo's dischargeability complaint. 28 U.S.C. § 157(b)(5) states that "[t]he district court *shall order that personal injury tort and wrongful death claims shall be tried in the district court* in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court

in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5) (emphasis supplied). The claim underlying Rizzo's dischargeability complaint is based upon slander. Previously, in *Leathem v. Von Volkmar (In re Von Volkmar)*, 217 B.R. 561 (Bankr. N.D.Ill.1998), the Court determined that the term "physical injury tort" was not solely limited to physical bodily harm. *Id.* at 566. Rather, the Court adopted the broad definition of the term "personal injury," which may encompass libel, slander, malicious prosecution false imprisonment and mental suffering. *Id.* (citations omitted). Thus, Rizzo's claim for slander falls within a "personal injury tort" under 28 U.S.C. § 157(b)(5) that cannot be tried or liquidated by the bankruptcy court.

This dischargeability determination is a matter on which the Court has jurisdiction pursuant to 28 U.S.C. § 1334, Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, 28 U.S.C. § 157(b)(2)(I), 11 U.S.C. § 523(a)(6) and 523(c)(1) and Federal Rule of Bankruptcy Procedure 4007(c). The Court lacks subject matter jurisdiction, however, to adjudicate and liquidate the slander claim. Only the district court can try the merits of Rizzo's claim against the Debtor.

## IV. *APPLICABLE STANDARDS*

■ The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Harasymiw*, 895 F.2d 1170, 1172 (7th Cir.1990); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 961 (Bankr.N.D.Ill.1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). *See also In re McFarland*, 84 F.3d 943, 946 (7th Cir.),

*cert. denied*, 519 U.S. 931, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Scarlata*, 979 F.2d 521, 524 (7th Cir.1992) (quoting *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir.1985)). *Accord In re Morris*, 223 F.3d 548, 552 (7th Cir.2000); *In re Reines*, 142 F.3d 970, 972–73 (7th Cir.1998), *cert. denied*, 525 U.S. 1068, 119 S.Ct. 797, 142 L.Ed.2d 659 (1999).

## V. *DISCUSSION*

■ Rizzo alleges that the State Court Complaint should be held non-dischargeable pursuant to § 523(a)(6). Section 523(a)(6) of the Bankruptcy Code provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). In order to be entitled to a determination of non-dischargeability under § 523(a)(6), Rizzo must prove three elements by a preponderance of the evidence: (1) that the Debtor intended to and caused an injury; (2) that the Debtor's actions were willful; and (3) that the Debtor's actions were malicious. *Glucona America, Inc. v. Ardisson (In re Ardisson)*, 272 B.R. 346, 356 (Bankr.N.D.Ill. 2001); *French, Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson)*, 224 B.R. 659, 662 (Bankr.N.D.Ill.1998) (citation omitted), *aff'd*, No. 99 C 6020, 2000 WL 226706 (N.D.Ill. Feb.22, 2000), *aff'd*, No. 00–1720, 2001 WL 1313652 (7th Cir. Oct.23, 2001). "Willful" for purposes of § 523(a)(6) means intent to cause injury, not merely the commission of an intentional act that leads to injury. *Kawaauhau v.*

*Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Under *Geiger* and its more stringent standards, to satisfy the requirements of § 523(a)(6), Rizzo must plead and prove that the Debtor actually intended to harm him and not merely that the Debtor acted intentionally and he was thus harmed. *Id.* at 61–62, 118 S.Ct. 974. The Debtor must have intended the consequences of his act. *Id.* Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). *Id.* at 64, 118 S.Ct. 974. Because a person will rarely admit to acting in a willful and malicious manner, those requirements must be inferred from the circumstances surrounding the injury. *Cutler v. Lazzara (In re Lazzara),* 287 B.R. 714, 723 (Bankr. N.D.Ill.2002).

▆▆▆ The Supreme Court did not define the scope of the term "intent" utilized to describe willful conduct. Recent decisions, however, have found that either a showing of subjective intent to injure the creditor or a showing of a debtor's subjective knowledge that injury is substantially certain to result from his acts can establish the requisite intent required in *Geiger.* *See In re Su,* 259 B.R. 909, 913 (9th Cir. BAP 2001); *State of Texas v. Walker,* 142 F.3d 813, 823 (5th Cir.1998), *cert. denied,* 525 U.S. 1102, 119 S.Ct. 865, 142 L.Ed.2d 768 (1999); *In re Markowitz,* 190 F.3d 455 (6th Cir.1999); *Fidelity Fin. Servs. v. Cox (In re Cox),* 243 B.R. 713, 719 (Bankr. N.D.Ill.2000).

▆▆▆▆ "Malicious" means "in conscious disregard of one's duties or without just cause or excuse...." *Thirtyacre,* 36 F.3d at 700. The test for maliciousness under § 523(a)(6) is (1) a wrongful act, (2) done intentionally, (3) which causes injury to the creditor, and (4) is done without just cause and excuse. *Park Nat. Bank & Trust v. Paul (In re Paul),* 266 B.R. 686, 696 (Bankr.N.D.Ill.2001) (citations omitted). A debtor does not have to act with

ill will or a specific intent to do harm to the creditor for the conduct to be malicious. *Thirtyacre,* 36 F.3d at 700. Whether an actor behaved willfully and maliciously is ultimately a question of fact reserved for the trier of fact. *Id.*

▆▆▆ The Court denies the motion for summary judgment because there are disputed issues of material fact. The Court, however, has the authority to determine whether or not the claim, if supported by a preponderance of the evidence to be adduced at trial, is non-dischargeable under § 523(a)(6).

## VI. *CONCLUSION*

For the foregoing reasons, the Court denies the Debtor's motion for summary judgment. Rizzo may forthwith move to withdraw the district court's reference of this matter under 28 U.S.C. § 157(d) in order for the district court to assess the Debtor's potential liability and award appropriate damages. Pursuant to the Final Pretrial Order, a trial is scheduled to commence in this adversary proceeding on May 30, 2003 at 1:00 p.m., and unless the reference is withdrawn, the trial will proceed as scheduled.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

## *ORDER*

For the reasons set forth in a Memorandum Opinion dated the 15th day of April, 2003, the Court denies the motion of Denny Passialis for summary judgment because there are material factual disputes. The Court lacks subject matter jurisdiction under 28 U.S.C. § 157(b)(5) to determine the merits of or liquidate the slander claim underlying Ernie Rizzo's dischargeability complaint because the claim is in the na-

ture of a personal injury tort. Although the Court has jurisdiction to determine whether Ernie Rizzo's claim is non-dischargeable under 28 U.S.C. § 1334, Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, 28 U.S.C. § 157(b)(2)(I), 11 U.S.C. §§ 523(a)(6) and 523(c)(1) and Federal Rule of Bankruptcy Procedure 4007(c), Ernie Rizzo may forthwith move to withdraw the district court's reference of this matter under 28 U.S.C. § 157(d) in order for the district court to assess Denny Passialis' potential liability and award appropriate damages. Pursuant to the Final Pretrial Order, a trial is scheduled to commence in this adversary proceeding on May 30, 2003 at 1:00 p.m., and unless the reference is withdrawn, the trial will proceed as scheduled.