HENDRIKSEN *v.* CUBAGE.

5-1425

309 S. W. 2d 306

Opinion delivered January 20, 1958.

[Rehearing denied February 24, 1958]

*Earl E. Hurt,* for appellant.

*Witt & Witt,* and *Wootton, Land & Matthews,* for appellee.

J. SEABORN HOLT, Associate Justice. This is the second appearance of this case here. In our opinion (April 18, 1956) on the former appeal (*Hendriksen* v. *Cubage, Trustee,* 225 Ark. 1049, 288 S. W. 2d 608) we said: ''The record conclusively shows that the Trustees considered Granville Jones as a mere conduit of the legal title. We agree, therefore, with the trial court that Granville Jones did not have a fee title in the land at the time of his death, and that consequently his will passed no beneficial or equitable title . . . (paragraph) . . . it follows from the record that the bare legal title to said land was in Granville Jones at the

time of his death as a result of deed No. 3, and that this title passed by his will to appellant and to his widow, Jessie Lyon Jones. Since Jessie Lyon Jones is deceased her portion of the title would of course vest in her legal heirs in the absence of a will by her. It is also clear that the equitable or beneficial title to the land vests in the Trustees of the Clingman-Jones Family Organization for the benefit of the lineal heirs of Drs. A. B. Clingman and Alfred Jones. These Trustees are the ones named as grantees in deed No. 1 since, as we have indicated, the equitable or beneficial title was never conveyed by them. Since Granville Cubage is the only surviving Trustee the equitable or beneficial title now vests in him as such Trustee. Before appellant and Jessie Lyon Jones can be divested of the bare legal title, they would have to be made parties to litigation for that purpose.''

The mandate contained this recital: ''. . . it is the opinion of the court that there is no error in so much of the proceedings and decree of said chancery court in this cause as held that Granville Jones did not have a fee title in the land at the time of his death and that his will passed no beneficial or equitable title to his daughter.

''It is therefore ordered and decreed that so much of said decree be and the same is hereby affirmed.

''But it is further the opinion of the court that there is error in so much of the decree as quieted title to the land in the Clingman-Jones Family Corporation, inasmuch as deed No. 5, under which it claims, was void because violative of the rule against perpetuities. The effect of these holdings is that Granville Jones held only the bare legal title of the lands in question and that is what passed to the appellant and the heirs of the widow of Jones. The equitable and beneficial title rests in the trustees under deed No. 1, Granville Cubage being the only surviving trustee.

''It is therefore ordered and decreed that so much of said decree be and the same is hereby, for the error of aforesaid, reversed, annulled and set aside and that this

cause be remanded to said chancery court for further proceedings to be therein had according to the principles of equity and not inconsistent with the opinion herein delivered.''

Following remand, appellee, Granville Cubage, as trustee, for himself and for all members of the Jones-Clingman family, filed a cross-complaint in which he prayed that, ''. . . the bare legal title to the land in controversy be transferred to him, as trustee, for the benefit of the estate and for all parties interested therein.'' Appellant's answer to this cross-complaint was a general denial, and allegations of fraud and violation of the trust by Granville Cubage. Her prayer was: ''. . . that Defendants cross-complaint be dismissed, and that the Court divest all rights, titles and interests, in the lands in controversy, out of the Defendants, and out of Granville Cubage, as an individual and as a Trustee; and, that this Plaintiff, Polly Anna Hendriksen, do have and recover the fee simple title to said lands, free and clear from any and all obligations; . . . and, that she, in all things, be quieted in her title to said lands, . . .''

On further hearing of the case and after additional testimony was presented by appellant, the trial court on July 12, 1957, entered a decree in accordance with appellees' prayer and cross-complaint. This decree contained these recitals: the court ''doth find that all parties necessary for a full determination of this cause and the matters and facts set forth in the respective pleadings are before the court, as either parties plaintiff or defendant, or as assignees of said parties, and that this court has full and complete jurisdiction to determine all matters at issue herein; that the bare legal title in the plaintiff Polly Anna Hendriksen be merged with the equitable title in the defendant, Granville Cubage as trustees for the members of the Clingman-Jones Family and that the defendant, Granville Cubage, has full title to the lands in controversy as said trustee. The court finds that all other issues raised by the plaintiff and the defendant are without equity and should be dismissed.

"It is, therefore, by the court, considered, ordered, adjudged and decreed that the bare legal title held by the plaintiff is merged in the equitable title held by the defendant Granville Cubage, as trustee for the Clingman-Jones Family Group and that Granville Cubage, as such trustee, has full legal title to the lands embraced in the complaint and that all other matters embraced in the complaint of the plaintiff and the response of the defendant be dismissed for want of equity."

We hold that the decree was in compliance with our mandate above and is correct on the record before us. We have reviewed the testimony and find no evidence of fraud or violation of trust by Mr. Cubage. The primary and decisive question presented is whether the trial court correctly merged the bare legal title held by appellant in the equitable or beneficial title held by Granville Cubage, trustee. As indicated, we hold that the holding of the court was correct and not against the preponderance of the testimony.

The record reflects that on July 12, 1930, Jessie Lyon Jones executed and delivered a quitclaim deed to the land in dispute to Claude Jones, member of trustee family. Later, April 20, 1956, Jessie Lyon Jones executed and delivered quitclaim deed to Polly Anna Hendriksen, so on the date of the execution of the last above quitclaim deed to Polly Anna Hendriksen, Jessie had no interest to convey.

The rule appears to be well established that "an equitable title to land is a present right to the legal title," *Carmichael* v. *Delta Drilling Co.,* Tex. Civ. App., 243 S. W. 2d 458, 460. Pomeroy's Equity Jurisprudence, 5th Ed. Vol. 1, Sec. 147, p. 199, defines an equitable estate as follows: "An equitable estate in its very conception, and as a fact, requires the simultaneous existence of two estates or ownerships in the same subject matter, whether that be real or personal, the one legal, vested in one person, and recognized only by courts of law; the second equitable, vested in another person and recognized only by courts of equity . . . (p. 200) . . . the ownership of the equitable estate is regard-

ed by equity as the real ownership, and the legal estate is, as has been said, no more than the shadow . . . (p. 201, Sec. 148) . . . the remedies given to equitable owner are intended to preserve his estate, and to protect it both against the legal owner and against third persons.''

Guided by these rules we conclude that the chancellor correctly merged the bare legal title with the beneficial interests held by Cubage, trustee. Affirmed.