_____

94-3893
_____

Adam Ferrif; Angela Ferrif;            *
                                        *
    Plaintiffs - Appellants,         *
                                        *
      v.                          *   Appeal from the United States
                                        *   District Court for the
The City of Hot Springs,                *   Western District of Arkansas
Arkansas; John Does, 1-10,              *
                                        *
    Defendants - Appellees.          *
                          _____

         Submitted:   April 10, 1996

           Filed:   April 26, 1996
                          _____

Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
                          _____

MURPHY, Circuit Judge.

     Adam and Angela Ferrif appeal the amount of the judgment entered in their favor against the City of Hot Springs, Arkansas following a court trial.  After finding that the Ferrifs' constitutional rights had been violated when the city razed three homes without adequate notice and that the total damages suffered were $36,500, the court awarded the Ferrifs one-third of that amount.  The only issue raised on appeal is whether the Ferrifs were entitled to receive the total amount.  We reverse and remand.

     In 1985, the Ferrifs purchased three adjacent homes in Hot Springs, Arkansas with their friends and real estate partners, John and Jackie Allen.  At that time the Ferrifs and Allens were tenants in common, with the Ferrifs holding an undivided one-third interest

and the Allens holding the remaining two-thirds.  The Ferrifs and Allens then were living in California and used the three homes as rental properties.

Initially the properties returned a profit, but they soon began to generate losses.  The Allens developed financial difficulties and became unable to pay their share of the mortgage, maintenance, and other costs.  By 1987, the Ferrifs were paying the bulk of all expenses.  In February 1989, Adam Ferrif wrote to the Allens requesting that they make their contributions.  The Allens instead agreed to assign their interest in the property to the Ferrifs.  Thereafter the Ferrifs paid all of the costs associated with the properties.  Adam Ferrif testified that the Ferrifs also gave a car to the Allens in exchange for their property interest and that the Ferrifs and Allens saw no need at that time to record the transfer of interest.  Eventually the Ferrifs' bankers convinced them that the transaction should be recorded.  A deed was executed by the Allens to the Ferrifs on January 24, 1994; it was recorded February 3, 1994.

Meanwhile, in 1991 the City of Hot Springs razed the houses.  The city had begun receiving complaints about the properties in 1989; apparently vagrants were using them for illicit activities.  The concern was heightened by the presence of a school across the street.  Late in 1990, the city began to consider condemnation.  It sent three letters, one for each dwelling, to the Allens' address of record in California.  They had moved several times after purchasing the properties, however, and the letters were returned, marked "Addressee unknown."  At a December 1990 meeting, the city council decided to condemn the three houses if repairs were not made.  The city posted notices on each of the houses and again used certified mail to send copies to the Allens' old California address.  All three were returned.  No one attempted to contact the mortgagee, Arkansas Bank & Trust Co.  The houses were destroyed and the debris removed in March 1991.  The Ferrifs had no actual notice

of the condemnation until July 1991, when a potential purchaser informed them that the houses were gone.

The Ferrifs filed this action against the city in the United States District Court for the Western District of Arkansas. They alleged that the condemnations were unreasonable seizures in violation of the fourth amendment and unlawful deprivations of property without due process under the fourteenth amendment. They sought damages of over $100,000 under 42 U.S.C. § 1983. The city counterclaimed for $8,131.23, the cost of removing the homes from the property.

By consent of the parties, the case was tried by a magistrate judge in August 1994. The court found that the city had violated the Ferrifs' constitutional rights by not providing sufficient notice of the condemnations.[1] The only evidence at trial regarding the value of the properties was an appraisal submitted jointly by the parties. It assessed their total value in 1985 at $44,500. The lots alone were valued at $8,000. The court found that the total loss caused by the constitutional violation was $36,500, the difference between the total value and the value of the lots. Neither the city's liability, nor the total damage amount is contested on appeal.[2]

The court concluded that the Ferrifs were entitled to only one-third of the total damage because they held only one-third of the legal interest in the properties on the date of condemnation in 1991. Judgment was therefore entered in their favor in the amount of $12,166.66. On appeal they assert their right to receive the total damage amount of $36,500.

---

[1]Judgment was entered against the city only. The Ferrifs never identified John Does 1-10.

[2]The city's counterclaim was not addressed by the court in its order, and the city has not raised it on appeal.

The Ferrifs argue that they are entitled to the full damages because they held equitable title to the two-thirds of the properties to which they did not hold legal title in 1991. Even though the damages award is based on a constitutional violation, the Ferrifs' property right is created by state law. E.g., Gattis v. Gravett, 806 F.2d 778, 780 (8th Cir. 1986). The state law issues whether the Ferrifs held equitable title in 1991 and whether their interest entitles them to the full damages are considered de novo. Salve Regina College v. Russell, 499 U.S. 225, 231-33 (1991); see also Ellis v. Great-West Life Assurance Co., 43 F.3d 382, 386 (8th Cir. 1994).

Under Arkansas law equitable title is "the present right to the legal title." Hendriksen v. Cubage, 309 S.W.2d 306, 308-09 (Ark. 1958). Adam Ferrif's description of the 1989 oral assignment of the Allens' interest in the properties to the Ferrifs is undisputed. His testimony established that the Allens "assign[ed] their rights in the Oak Street Property" to the Ferrifs. Subsequent conduct of the parties confirmed this transfer. See Langston v. Langston, 625 S.W.2d 554, 555 (Ark. App. 1981). The Allens made no payments of any kind related to the properties after the transfer and before the condemnations, a fact corroborated by an officer of the mortgagee. These facts lead to the conclusion that under Arkansas law the Ferrifs possessed equitable title at the time of the condemnations to the two-thirds of the properties still recorded in the Allens' names.

Arkansas recognizes that "the ownership of the equitable estate is regarded by equity as the real ownership, and the legal estate is, as has been said, no more than a shadow. . . . [T]he remedies given to the equitable owner are intended to preserve his estate, and to protect it both against the legal owner and against third persons." Hendriksen v. Cubage, 309 S.W.2d 306, 309 (Ark. 1958) (emphasis added, citations omitted). Moreover, Arkansas will allow a single cotenant to maintain an action on behalf of all

-4-

cotenants, even though it is preferable to join all cotenants.  Perry v. Rye, 267 S.W.2d 507, 509-10 (Ark. 1954).

Full recovery by the Ferrifs also seems consistent with the Arkansas code.  The most relevant section reads:

> As soon as the amount of compensation that may be due to the owners of the property taken, or to any of them, shall have been ascertained by the jury, the court shall make such order as to its payment or deposit as shall be deemed right and proper in respect to . . . the proportion to which each owner is entitled and may require adverse claimants of any part of the money or property to interplead, so as to fully settle and determine their rights and interests according to equity and justice.

Ark. Code Ann. § 18-15-307(a) (Michie 1987).[3]  Neither side questions the total amount of damages found by the trial court here or that the city has a liability for that amount.  Interpleading the Allens was unnecessary because they had surrendered all of their interest to the Ferrifs.  For these reasons the magistrate judge erred in awarding the Ferrifs only one-third of the damages.[4]

Other equitable considerations support this conclusion.  The Ferrifs alleged in their complaint that they were the owners of the properties. The city admitted that allegation in its answer, denying only that there had been any constitutional violation.  It was not until trial, or shortly before, that the city even raised the issue of the Ferrifs' right to the entire amount of the loss, and the Ferrifs state it would then have been too late to join the Allens.  In addition, the city's counterclaim against the Ferrifs was for the full cost of removing the three homes, not only for

_____

[3]Statutory authority for municipalities to raze dilapidated buildings is granted by Ark. Code Ann. § 14-56-203 (Michie 1987).

[4]Similarly, there is no merit to the city's arguments that the Ferrifs were not the real parties in interest or lacked standing with respect to the two-thirds of the properties legally held by the Allens.

-5-

one-third.  Finally, since it is undisputed that the Ferrifs gained legal title to the entirety of the properties shortly after this suit was commenced, there is no realistic danger that the city will be exposed to conflicting liabilities.  Under all the circumstances, the Ferrifs were entitled to be awarded the total sum of damages -- $36,500.

Accordingly, the judgment is reversed as to the amount of damages, and the case is remanded for entry of judgment consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.