**In re Harmon G. EALY and Robin Y. Ealy, Debtors.**

**No. 4:03–BK–23535E.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Feb. 24, 2004.

---

Sheila F. Campbell, Sheila Campbell, P.A., Little Rock, AR, for Debtors.

John Richard Peel, Russellville, AR, for Creditor.

Joyce B. Babin, Chapter 13 Trustee.

### FINAL ORDER REGARDING AUTOMATIC STAY

AUDREY R. EVANS, Chief Judge.

On December 17, 2003, the Debtors filed an "Amended Application for Ex Parte Temporary Restraining Order and Fixing Date for Hearing on Preliminary Injunction and Brief in Support." The Court entered its "Order Granting Temporary Restraining Order and Setting Date for Hearing on Preliminary Injunction" on December 17, 2003, which set the date for hearing on the Debtors' request for a preliminary injunction for December 29, 2003. Counseling Associates, Inc. (the "**Creditor**") filed its response to the Debtors' Application on December 24, 2003. The Court held a hearing on the Debtors' request for a preliminary injunction on December 29, 2003, which was consolidated with a trial on the merits. Sheila Campbell appeared on behalf of the Debtors, who were also present; John Richard Peel appeared on behalf of the Creditor; and Jeffrey Ellis appeared on behalf of the Chapter 13 Trustee, Joyce B. Babin. The Court took the matter under advisement and orally ruled that the automatic stay would remain in place until the Court entered its final ruling with respect to this matter. The Court entered an order to that effect on January 2, 2004. An order clarifying the issues under advisement and offering the parties the opportunity to file briefs was entered on February 3, 2004. Creditor filed a letter brief on February 5, 2004, and Debtors filed a response on February 12, 2004.

This dispute requires the Court to determine whether the Debtors have an equi-

table interest in real property on which joint Debtor Robin Ealy operates a child care center (the **"Property"**) such that the automatic stay prevents Creditor from taking possession of the Property. This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has jurisdiction to enter a final judgment in this case.

## FACTS

The Debtors filed a voluntary Chapter 13 petition and plan on November 10, 2003. Joint Debtor Robin Ealy (**"Ealy"**) has operated a child care center called "Little Stars Child Care and Early Education Learning Center" as a sole proprietorship since November 3, 1998. Ealy formed "Little Stars Child Care, LLC" (hereinafter referred to as **"Little Stars LLC"**) on May 1, 2003. The child care center is currently located at 1622 North Donaghey, Conway, Arkansas.

In 2003, Ealy contacted Phillip Heigel of Sperry Van Ness Properties to assist her in finding new property on which to relocate her child care center. Glen Raga with Coldwell–Bankers, Advantage Realty, had the Property listed for Creditor, the Property's owner. Through Heigel, Ealy made an offer to purchase the Property for $170,000.00 which Creditor accepted, provided Debtors make a $20,000.00 down payment. Creditor agreed to finance the remainder of the purchase price. The Real Estate Contract which memorialized the parties' agreement listed the "Buyer" as Little Stars Child Care, LLC, and Creditor as "Seller." However, the contract was signed by the Debtors on April 23, 2003, a week before Little Stars LLC was even formed. Ealy testified that it was her understanding that in order to close on the Property, her business needed to be an LLC rather than a sole proprietorship. Ealy testified that she formed Little Stars LLC in order to close on the Property. More specifically, Ealy testified:

> Well, I was told by the representative of Sperry Van Ness that Counseling Associates was requiring us, we needed to have an LLC, and he said that we needed to have it before we went to closing, so I asked where did I get an LLC from, and he said had to get through the state building in Little Rock; and I found out the location; and my daughter and [I] drove down to Little Rock and did the paperwork and paid the $50 and got the paperwork so we would have it in time for the closing at Lender's Title the next morning.

The closing was scheduled for and occurred on May 2, 2003. In connection with the closing, the Debtors executed a promissory note and mortgage in favor of Creditor; the Debtors signed both documents individually and as members of the LLC. Additionally, the Mortgage refers to Little Stars LLC and the Debtors collectively as "Mortgagor," and the promissory note refers to Little Stars LLC and the Debtors collectively as "Maker." The documents do not reflect that the Debtors executed the documents merely as guarantors; nor is there any mention of the Debtors personally guaranteeing a loan to Little Stars LLC in either document. Creditor executed a Warranty Deed on May 2, 2003, deeding its interest in the Property solely to Little Stars LLC with no mention of either Debtor. The Property's title commitment also lists Little Stars LLC as the sole owner of the Property.

Betty Sue Riddle, employed by Lender's Title Company, testified that she reviewed the title search on the Property and that title was vested in Little Stars LLC. She also testified that the order they received which started the title search procedure listed the buyer's name as "Little Stars Child Care," and that they were also pre-

sented with a copy of the Real Estate Contract which listed the buyer as "Little Stars Child Care, LLC." On cross-examination, Riddle was asked whether she knew if Little Stars LLC existed at that time, and she replied:

> At that point, we don't, but during our search we check out with the Secretary of State's Office to see if they're in good standing and I found that they weren't, so one of my requirements on my commitment was to furnish us—I'll give you directly what it was here. To furnish a resolution of the Board of Directors— Excuse me. To furnish us copies of the articles of Organization, Little Stars Child Care, LLC and proof that they're in good standing with the State of Arkansas.

Riddle testified that Raga provided her with the Real Estate Contract and the request order. Riddle testified that she did not ask Debtors how they wanted to title the Property. Ealy testified that no one asked her how she wanted the Property titled, and she did not tell Creditor that she did not want the Property in her name, but that it was her understanding that she, her husband, and their business would own the Property. Darla Sherry, Special Projects Director for Creditor, testified that Creditor did not require the Debtors to take title to the Property in the name of an LLC. She stated that it made no difference to Creditor whether or not the buyer was an individual or an LLC, and that Creditor has no policy of requiring property to be transferred only to companies or LLCs.

After purchasing the Property and relocating the child care center, the Debtors defaulted under the terms of the Promissory Note. Creditor foreclosed on the Property as provided by the terms of the Mortgage. A default Foreclosure Decree was entered on October 14, 2003, granting judgment against Little Stars LLC and the Debtors. The Decree appointed the Faulkner County Circuit Clerk as Commissioner in Chancery to hold a foreclosure sale of the mortgaged realty. The foreclosure sale was held on November 14, 2003, a day after the Debtors filed for relief under Chapter 13. At the sale, Creditor bid in the amount of its judgment lien and received the Property. An Order Confirming the Sale was subsequently entered on November 20, 2003. A Commissioner's Deed was executed by the Clerk and recorded on November 20, 2003. The Creditor had a Writ of Assistance issued on December 11, 2003, and the Debtors allege that Martin Montgomery, Sheriff of Faulkner County, through his deputy, has attempted to execute the Writ of Assistance and was going to padlock the child care center on December 17, 2003, unless Debtors obtained a temporary restraining order.

## DISCUSSION

■ The Debtors assert that they have an equitable interest in the Property such that the automatic stay prevents Creditor from completing the foreclosure process and obtaining possession of the Property. The Creditor maintains that because the Property is titled solely in the name of Little Stars, LLC, the Debtors have no interest in the Property individually that is protected by the automatic stay arising due to their Chapter 13 bankruptcy filing. In its letter brief, the Creditor further argued that the only equitable interest asserted by the Debtors is their signature on the promissory note and mortgage. In their response, the Debtors continue to assert an equitable interest as the mortgagors of the Property and also due to their intent to own the Property and lack of understanding about the LLC. As explained herein, the testimony at trial revealed evidence of an equitable interest in

the Property over and above the Debtors' signatures on the promissory note and mortgage. Accordingly, the Court declines to rule on whether the Debtors' signatures on the promissory note and mortgage *alone* gives rise to an equitable interest.

■ The automatic stay provided by 11 U.S.C. § 362(a) protects property of the bankruptcy estate from actions by creditors, including foreclosure and repossession. Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). State law determines the nature and extent of a debtor's interest in property. *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). It is undisputed that legal title to the Property is held by Little Stars LLC. The question presented is whether the Debtors hold equitable title to the Property. The Arkansas Supreme Court has described equitable title as follows:

> The rule appears to be well established that "an equitable title to land is a present right to the legal title," *Carmichael v. Delta Drilling Co.*, Tex.Civ.App., 243 S.W.2d 458, 460 [(1951)]. Pomeroy's

Equity Jurisprudence, 5th Ed., Vol. 1, Sec. 147, p. 199, defines an equitable estate as follows: "An equitable estate in its very conception, and as a fact, requires the simultaneous existence of two estates or ownerships in the same subject matter, whether that be real or personal, the one legal, vested in one person, and recognized only by courts of law; the second equitable, vested in another person and recognized only by courts of equity ... the ownership of the equitable estate is regarded by equity as the real ownership, and the legal estate is, as has been said, no more than the shadow ... the remedies given to equitable owner are intended to preserve his estate, and to protect it both against the legal owner and against third persons."

*Hendriksen v. Cubage*, 228 Ark. 536, 539–40, 309 S.W.2d 306, 308–09 (1958).

■ The testimony at trial revealed that the Debtors are the equitable owners of the Property, not the LLC. This is true despite the fact that property of a limited liability company is not property of its members under Arkansas law. *See* Ark. Code Ann. § 4–32–701 (West 2004).[1] The Debtors' equitable title to the Property flows not from their ownership interest in

---

**1.** The Court recognizes that corporate assets are generally not property of an individual debtor's bankruptcy estate. *See In re Faulkner*, 2002 WL 32114473 (Bankr.E.D.Ark.2002) (Evans, J.); *In re Smith*, 2002 WL 32129522 (Bankr.E.D.Ark.2002) (Evans, J.). Specifically, this Court has stated:

> "A corporation has a separate legal existence from its shareholders, and the corporation, not its shareholders, owns the corporate assets and owes the corporate debts." *See In re Russell*, 121 B.R. 16, 17 (Bankr.W.D.Ark.1990). *See also In re Hoffman*, 70 B.R. 155, 160 (Bankr.W.D.Ark. 1986) (stating property of corporation is not property of the estate of the debtor). Only individuals may file for bankruptcy protection under Chapter 13. 11 U.S.C. § 109(e). An individual debtor may not discharge an-

other entity's debts in his or her bankruptcy case, although the debtor may discharge his personal liability for a corporate debt where he has guaranteed such debt. *See* 11 U.S.C. § 524(a) (a discharge voids personal liability of debtor). In sum, individuals may not protect corporate assets in a Chapter 13 bankruptcy case; a corporation is a separate entity, and if its debts are to be discharged, they must be discharged in a separate bankruptcy case filed by the corporation.

*In re Smith*, 2002 WL 32129522 at *2. *See also In re Rodio*, 257 B.R. 699 (Bankr. D.Conn.2001) (property of LLC in which Debtor is a member is not property of Debtor's estate) (court did not find sufficient equitable interest).

the LLC that owns the Property, but from the facts and circumstances leading up to the LLC's acquisition of the Property. From the facts and testimony presented at hearing, the Court easily draws the conclusion that the creation of Little Stars LLC was the result of a misunderstanding caused by the use of the name "Little Stars Child Care, LLC" on the Real Estate Contract. The Real Estate Contract lists "Little Stars Child Care, LLC" as the buyer although the Debtors signed it as individuals and did not operate the child care center as an LLC at that time. Ealy operated the business under the name "Little Stars Child Care and Early Education Learning Center." Apparently, through oversight, the Real Estate Contract showed Little Stars LLC as the buyer, and this entry on the contract was the genesis of the mistaken formation of an LLC where none existed before, and there was no intention to create a separate legal entity for the future.

With this explanation, the rest of the facts flow logically, and the testimony given at the hearing (which the Court finds credible) provides a reasonable explanation for why the child care center was titled in the name of an LLC even though Ealy was not operating her business as an LLC, and Creditor did not require that an LLC purchase the Property. According to Riddle's testimony, Raga provided Riddle with a request order for a title search and a copy of the Real Estate Contract. Seeing that the buyer was to be an LLC, Riddle sought proof that such an LLC existed (as was her custom). Ealy testified that Heigel informed her that she must have an LLC in order to close on the Property. Ealy's testimony clearly demonstrates that she did not form Little Stars LLC for the purpose of creating a separate business entity and obtaining limited liability, but only for the purpose of complying with what she believed was required in order to close on the Property the next day.

Furthermore, the Court finds that Ealy did not intend for title to be held solely in the name of Little Stars LLC, nor did she understand that this is what happened. Ealy's testimony reveals that she did not understand the effect or purpose of forming a limited liability company, and did not instruct the title company or seller to title the Property solely in the name of Little Stars LLC. Additionally, Ealy and her husband signed both the note and mortgage individually as well as members of the LLC even though there was no mention of their personally guaranteeing the note (*i.e.*, the documents do not indicate that they signed individually because they were personally guaranteeing a loan to the LLC). Ealy believed she and her husband jointly owned the Property with the child care center Ealy had operated as her own since 1998.

In these circumstances, it is clear that the Debtors' have equitable title to the Property even though legal title was placed in the name of Little Stars LLC. Accordingly, the Court finds that the Debtors have an equitable interest in the Property such that it is protected by the automatic stay, and it is hereby

**ORDERED** that the automatic stay provided by 11 U.S.C. § 362(a) protects the Property from any action by Creditor to recover such Property.

**IT IS SO ORDERED.**