In re John Donald RODIO, Debtor.

Associates Commercial Corporation, Movant,

v.

John Rodio, Molly T. Whiton, Respondents,

John Rodio, Movant,

v.

Associates Commercial Corporation, Molly T. Whiton, Respondents.

No. 00–22391.

United States Bankruptcy Court, D. Connecticut.

Jan. 17, 2001.

Ross M. Chinitz, Doran & Chinitz, LLC,
Stamford, CT, for Associates Commercial
Corporation, Creditor.

David F. Falvey, Action Advocacy, P.C.,
Groton, CT, for Debtor.

*RULINGS ON (1) DEBTOR'S MOTION
FOR VALUATION OF SECURITY
AND (2) CREDITOR'S MOTION
FOR RELIEF FROM STAY*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

I.

John Donald Rodio ("the debtor") filed a Chapter 13 petition on September 1, 2000. In his bankruptcy schedules, he listed as an asset a 1997 Freightliner tractor ("the tractor"), encumbered by a purchase money security interest held by Associates Commercial Corporation ("the creditor"). On October 4, 2000, the debtor filed a motion, pursuant to Bankruptcy Code § 506(a) [1], alleging he is a joint owner of the tractor and requesting the court to determine the value of the tractor to be $29,975, the debt to the creditor to be $61,3256 and $31,381 of the debt to be unsecured.

The creditor, on October 30, 2000, filed a motion for relief from the automatic stay imposed by Bankruptcy Code § 362(a), stating the creditor wished to enforce its security interest in the tractor, the title to which is in R & R Trucking, L.L.C. ("R & R"), and that the debtor had guaranteed R & R's debt to the creditor.

At the scheduled hearing on both motions, the parties agreed to submit the matters to the court on a stipulation of facts and briefs. The submitted stipulation states that ownership of the tractor is in R & R, a Connecticut limited liability company, in which the debtor is a mem-

---

1. Section 506(a) provides:
 *Determination of secured status.*
 (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

ber-shareholder; the creditor holds a perfected security interest in the truck; the debtor guaranteed R & R's debt, now in default; the debtor uses, operates and maintains the tractor in R & R's business; the tractor helps generate income for R & R's business; and the debtor intends, in his Chapter 13 plan, to repay debts.[2]

## II.

The debtor argues that he has equitable rights in the tractor because he uses it to produce revenue for R & R, which, in turn, provides the income that the debtor expects to use to fund a Chapter 13 plan; that as a guarantor of R & R's debt, pursuant to Part 5 of Article 9 of the Uniform Commercial Code, he possesses rights in the tractor; and that his equitable rights in the tractor sufficiently satisfy Bankruptcy Code § 541[3] so as to become property of the debtor's estate. The debtor contends that the tractor is necessary to his Chapter 13 reorganization plan, so that the court should deny the creditor's motion for relief from stay. The debtor asserts, without supporting argument, that the court should grant his motion for a determination of secured status under § 506(a).

The creditor denies that the debtor has rights in the tractor sufficient for the debtor to utilize § 506(a) or to deny the creditor its right to enforce its security interest in the tractor.

## III.

The debtor cites a mixture of court rulings and statutes which he contends support his positions. After review, the court is unable to find the debtor's positions sustainable.

---

**2.** The stipulation also covers the companion Chapter 13 case of Michael O'Shaughnessy, the other member-shareholder of R & R, in which the pertinent schedules, and motions and positions of the parties are mirror images of those in the debtor's case.

**3.** Section 541(a)(1) provides that property of the estate comprises "all legal and equitable interests of the debtor in property as of the commencement of the case."

## A.

With respect to the effect of the Uniform Commercial Code granting the debtor rights in the tractor because of his status as a guarantor, Part 5 of Article 9 deals with rights of parties after default. Conn. Gen.Stat. § 42(a)–9–504(5) provides: "A person who is liable to a secured party under a guaranty ... and who receives a transfer of collateral from the secured party or is subrogated to his rights has thereafter the rights and duties of the secured party." There is no claim that any of these conditions apply here. The court has noted no other provisions of Article 9, Part 5 that have any relevance to these proceedings.

## B.

 Under the Connecticut statutes establishing limited liability companies, it is clear that while the debtor's membership interest in R & R is property of the debtor's estate,[4] property of R & R is *not*. *See* Conn. Gen.Stat. § 34–167(a) (West 1997) (*Ownership of limited liability company property*, "Property transferred to or otherwise acquired by a limited liability company is property of the limited liability company and not of the members individually. A member has no interest in specific limited liability company property.").

A ruling in this circuit which comes closest to supporting the debtor's contentions is *In re 48th Street Steakhouse*, 835 F.2d 427 (2nd Cir.1987). In that case, the debtor was a sublessee of certain real property. The Court of Appeals ruled that the landlord's action to terminate the prime lease,

---

**4.** Conn. Gen.Stat. § 34–169 (West 1997) states that a "limited liability company membership interest is personal property," and § 34–101 further provides that a limited liability membership interest "means a member's share of the profits and losses of the limited liability company and a member's right to receive distributions of the limited liability company's assets...."

which would have necessarily terminated the debtor's right, under its sublease, to possession of the leased property, violated the automatic stay. Here, according to the stipulation, the debtor has possession of the tractor, but such possession is only on behalf of R & R. Thus, *In re 48th Street Steakhouse* is not truly on point. Unlike the debtor in *In re 48th Street Steakhouse,* this debtor has no possessory interest in the tractor that is exercisable either for his own benefit or that of his creditors. *Cf. Cardinal Industries, Inc. v. Buckeye Federal Savings & Loan Association (In re Cardinal Industries, Inc.),* 105 B.R. 834, 852 (Bankr.S.D.Ohio 1989) (Debtor's general partnership interests in limited partnership property were not equitable or legally cognizable rights of debtor as would make limited partnership property subject to automatic stay provisions). The court concludes that the creditor is entitled to a modification of the automatic stay so that the creditor may enforce its security interest in the tractor.

 Having determined that the debtor's estate has no interest in the tractor, except for the debtor's stipulated present possession of the tractor, the court concludes that, for the purposes of § 506(a), the creditor's claim arising under the debtor's guaranty of R & R's note is not "secured by a lien on property in which the estate has an interest." 11 U.S.C. § 506(a). Accordingly, the court concludes that such claim is wholly unsecured, and § 506(a) is inapplicable.

IV.

*CONCLUSION*

In accordance with the foregoing discussion, the court concludes that (i) Bankruptcy Code § 362(a) does not stay the creditor's action to foreclose its lien on the tractor owned by R & R and the creditor is entitled to relief from stay as to the debtor's possession of the tractor, and (ii) the creditor's claim against the debtor, pursuant to the debtor's guaranty, is an unsecured claim precluding the debtor's use of § 506(a). The creditor's motion is, therefore, granted and the debtor's motion is denied. It is

SO ORDERED.