# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3299

In re: SHMUEL E. GULEVSKY,

*Debtor.*

BLAKE BERKSON,

*Plaintiff-Appellant,*

v.

SHMUEL E. GULEVSKY,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CV 6594—**Blanche M. Manning**, *Judge.*

———————

ARGUED FEBRUARY 19, 2004—DECIDED MARCH 31, 2004

———————

Before CUDAHY, POSNER, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Section 523(a)(2)(B) of the Bankruptcy Code makes nondischargeable debts procured by written misrepresentations of the debtor's financial condition. But does § 523(a)(6) allow for debts procured by oral misrepresentations of the debtor's financial condition to be found nondischargeable? The bankruptcy court answered that question negatively and dismissed the com-

plaint, and in a summary order, the district court affirmed. We agree with those courts and affirm the judgment of the district court.

Because this case was dismissed under Rule 12(b)(6) for failure to state a claim, we review this case *de novo*, accepting the allegations of the complaint as true. *Enodis Corp. v. Employers Insurance of Wausau* (*In re Consolidated Indus. Corp.*), No. 02-4030, slip op. at 5 (7th Cir. March 9, 2004).

In his complaint, Berkson alleged that he was working on behalf of a real estate developer soliciting equity contributions for a project in La Jolla, California. In March 1995, Gulevsky contracted to invest just under $1.2 million in the project. But he did not make his payment by the required date. Instead, Gulevsky allegedly made "repeated assurances" that he would assemble the funds he owed from various accounts. At the end of the month the developer told Berkson that he needed $100,000 from Gulevsky immediately in order for the project to go forward. Berkson passed this information to Gulevsky, who told him that he had the funds to fully fund his equity contribution, but that he needed time to assemble the money because it was tied up. Gulevsky asked Berkson to pay the $100,000 for him, advising that he would reimburse Berkson shortly thereafter. So Berkson agreed to make the payment on Gulevsky's behalf. Gulevsky never made any further contributions to the project. After the developer notified Gulevsky that he was in breach of their contract, Gulevsky formally withdrew from the project. Gulevsky never repaid Berkson, and Berkson was not able to recover the $100,000 from the project developer. Berkson alleges that Gulevsky knew that he had no realistic prospect to repay the $100,000 at the time he asked for the loan.

Berkson obtained a judgment in 1997 against Gulevsky for $124,000. Berkson filed this adversary complaint to

have the debt declared nondischargeable under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6). In an oral decision, the bankruptcy court found that because Gulevsky's misrepresentations were of his financial condition, and were oral, they were not actionable under any part of § 523(a)(2). The court further found that Berkson did not state a claim under § 523(a)(6) because allowing a creditor to proceed under that section would render the writing requirement of § 523(a)(2)(B) superfluous. *See McCrary v. Barrack* (*In re Barrack*), 217 B.R. 598, 606 (9th Cir. BAP 1998); *Jefferey M. Goldberg & Assoc. v. Holstein* (*In re Holstein*), 272 B.R. 463, 482 (Bankr. N.D.Ill. 2001); *Weiss v. Alicea* (*In re Alicea*), 230 B.R. 492, 508 (Bankr. S.D.N.Y. 1999).

Berkson argues that under the interpretation of § 523(a)(6) adopted by the Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998), the standard required to bring a claim under § 523(a)(6) is more exacting than that required under § 523(a)(2)(B), and thereby does not render the writing requirement superfluous. Rather, Berkson reads the two provisions as making it easier for a creditor to prove a written fraud compared to an oral fraud.

The normal rules of statutory construction and interpretation of § 523 work against Berkson's position. Exceptions to discharge are to be construed narrowly, and the subsections of § 523 should not be construed to make others superfluous. *Kawaauhau*, 523 U.S. at 62; *In re Chambers*, 348 F.3d 650, 654 (7th Cir. 2003). Furthermore, when both a specific and a general provision govern a situation, the specific one controls. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384-85 (1992); *In re Lifschultz Fast Freight Corp.*, 63 F.3d 621, 628 (7th Cir. 1995).

Berkson's complaint alleges that the Debtor supplied him with false statements about the Debtor's financial condition to induce him to make a loan. Fraud, of course, is an intentional tort and § 523(a)(6) makes many intentional

torts nondischargeable. *Kawaauhau,* 523 U.S. at 61; *In re Williams*, 337 F.3d 504, 508 (5th Cir. 2003); *In re Diamond*, 285 F.3d 822, 828 (9th Cir. 2002). But § 523(a)(6) cannot make all debts procured by fraud nondischargeable, because that would make superfluous § 523(a)(2), § 523(a)(4), and § 523(a)(11), all of which make different sorts of debts procured by fraud nondischargeable. Berkson argues that because § 523(a)(6) requires a higher standard of proof than § 523(a)(2), the two subsections do not overlap. Berkson's brief does not indicate exactly what the differing standards are in the two subsections, but at oral argument, Berkson suggested that the difference was that under *Kawaauhau*, § 523(a)(6) requires a creditor to prove that the injury was intended, which is unnecessary under § 523(a)(2)(B). Berkson argues that because of this, a creditor seeking to hold a debt nondischargeable based on a false written financial statement has an easier burden under § 523(a)(2)(B) than a creditor proceeding under § 523(a)(6).

But the distinction Berkson wishes to draw between § 523(a)(2)(B) and § 523(a)(6) is vanishingly thin. For although § 523(a)(6) does require proof that the injury was intended, § 523(a)(2)(B) requires proof that the debtor had the intent to deceive. We do not believe that any rational distinction can be drawn between these two different intent formulations, at least on the facts of this case. A debtor who obtains money through false statements intended to deceive by definition intends the financial injury that he causes. Berkson's argument therefore fails.

The few other courts that have been confronted with the dischargeability of false oral statements of financial condition are unanimous that § 523(a)(6) cannot be used to circumvent § 523(a)(2)(B)'s writing requirement. *See Spencer v. Bogdanovich* (*In re Bogdanovich*), 292 F.3d 104, 114-15 (2d Cir. 2002); *McCrary v. Barrack* (*In re Barrack*), 217 B.R. 598, 606 (9th Cir. BAP 1998); *Jefferey M. Goldberg & Assoc. v. Holstein* (*In re Holstein*), 272 B.R. 463, 482

(Bankr. N.D.Ill. 2001); *Weiss v. Alicea* (*In re Alicea*), 230 B.R. 492, 508 (Bankr. S.D.N.Y. 1999). We agree that creditors should not be able to use § 523(a)(6) in that way, in no small part because of the Pandora's box that would be opened in the absence of § 523(a)(2)(B)'s writing requirement.

Finally, we note that in the conclusion of his brief, Gulevsky requests sanctions against Berkson for filing a frivolous appeal. The request will not be granted because it does not comply with the requirements of Federal Rule of Appellate Procedure 38, which requires sanctions requests to be presented in a "separately filed motion." *See McDonough v. Royal Carribean Cruises, Ltd.*, 48 F.3d 256, 258 (7th Cir. 1995). Although the rule does allow this court to *sua sponte* initiate sanctions proceedings, that power is discretionary. *See* Fed.R.App.P. 38; *Pokuta v. Trans World Airlines*, 191 F.3d 834, 841 (7th Cir. 1999). In any event, we do not believe that sanctions are warranted in this case. An appeal is frivolous when the appellant's arguments are utterly meritless and have no conceivable chance of success. *E.g.*, *Jimenez v. Madison Area Technical College*, 321 F.3d 652, 657-58 (7th Cir. 2003); *United States v. Insurance Consultants of Knox, Inc.*, 187 F.3d 755, 761 (7th Cir. 1999). Berkson's brief is relatively insubstantial but his argument is not so foreclosed by precedent that it warrants sanctions.

AFFIRMED

**A true Copy:**

**Teste:**

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*