In re Rudy J. MULDER, Debtor.

Baker Development Corporation, an Illinois corporation, Plaintiff,

v.

Rudy J. Mulder; North 26th Land, LLC; Lund 26th, LLC; Robert J. Lunn; Lunn Partners Cash Management, LLC; 26th & Kostner Redevelopment Group, LLC; and John Terzakis, Defendants.

Bankruptcy No. 03 B 36574.
Adversary No. 03 A 4230.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

April 7, 2004.

Joseph E. Cohen, Gina B. Krol, Linda M. Kujaca, Cohen & Krol, Chicago, IL, for Debtor.

Ariel Weissberg, John H. Redfield, Weissberg & Associates, Ltd., Chicago, IL, for Baker Development Corporation.

Abraham Brustein, Christopher Lega, DiMonte & Lizak, LLC, Park Ridge, IL, for Robert J. Lunn, Lunn 26th, LLC, and Lunn Partners Cash Management, LLC.

## MEMORANDUM OPINION AND ORDER

A. BENJAMIN GOLDGAR, Bankruptcy Judge.

Plaintiff Baker Development Corporation brings this adversary proceeding to recover the benefits of a contract to purchase real estate from an entity allegedly affiliated with debtor Rudy Mulder. Mulder is named as a defendant in only two of the seven counts of Baker's complaint. The defendants in the other counts, none of them debtors in bankruptcy, are people or entities who have done business with Mulder.

Mulder moves to dismiss the counts directed at him for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. 12(b)(6) (made applicable by Fed. R. Bankr.P. 7012). Defendants Robert J. Lunn, Lunn 26th, LLC, and Lunn Partners Cash Management, LLC (the "Lunn Parties") move to dismiss the remaining counts for lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P. 12(b)(1) (also made applicable by Fed. R. Bankr.P. 7012). Alternatively, the Lunn Parties ask the court to abstain under 28 U.S.C. § 1334(c) in favor of two civil actions pending in the Circuit Court of Cook County, Illinois.[1]

For the reasons set forth below, Mulder's motion to dismiss Counts I and II is denied, and the Lunn Parties' motion to

---

1. Defendants North 26th Land, LLC, 26th and Kostner Redevelopment Group, LLC, and John Terzakis have neither answered, moved to dismiss, nor joined in either motion to dismiss. It is unclear whether these parties have been served.

dismiss Counts III through VII is granted.[2]

## I.  Jurisdiction

■  This court has subject matter jurisdiction over Mulder's bankruptcy case pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the district court's Internal Operating Procedure 15(a).  In an adversary proceeding, the court separately considers whether each count of the complaint is a core proceeding, a non-core related matter, or a claim unrelated to the bankruptcy case.  *Halper v. Halper*, 164 F.3d 830, 837 (3rd Cir.1999).

■  In this case, the claims under 11 U.S.C. § 523(a) in Counts I and II of the complaint fall within the court's core jurisdiction under 28 U.S.C. § 157(b)(2)(I). The court also has jurisdiction to determine whether it has jurisdiction over the remaining counts.  *See, e.g., United States Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988); *Flores–Leon v. INS*, 272 F.3d 433, 437 (7th Cir.2001).

## II.  Background

The complaint alleges the following.[3] On September 9, 2002, Baker entered into a contract with an entity called "26th and Kostner, LLC" to purchase real property located at the northwest corner of 26th Street and Kostner Avenue in Chicago (the "Property").  Compl., ¶¶ 5, 12.  The contract declared the seller of the Property to be "Rudy Mulder, President and Member of 26th & Kostner, LLC." *Id.*, Ex. 1.

According to Baker, Mulder's representations that he and "26th and Kostner, LLC" owned the Property and had authority to enter into the contract were false. *Id.*, ¶¶ 16, 34.  In fact, an outfit calling itself "North 26th Land, LLC" owned the Property.  *Id.*, ¶¶ 15, 42.  Baker alleges that the name "26th and Kostner, LLC" is "a combination of the names of the true owner of the Property [North 26th Land, LLC] and the owner of a related property across the street, namely ... South Kostner Land LLC ..." *Id.*, ¶ 42.  No entity called "26th and Kostner, LLC" ever existed.  *Id.*, ¶ 13, 34.

Mulder immediately defaulted on the contract by failing to take steps to consummate the sale.  *Id.*, ¶ 17.  To protect its rights, on October 18, 2002 Baker recorded the contract to purchase the Property. *Id.*, ¶ 9. For over a year, Mulder repeatedly promised to close the sale, but he never did.  *Id.*, ¶ 19.  Around November 2003, Baker discovered that Mulder did not own the Property in the first place.  *Id.*, ¶ 18.

Lunn 26th, LLC currently claims to own the Property.  *Id.*, ¶ 6. According to Baker, Mulder and the "Mulder Group" were "significantly indebted" to Robert Lunn

---

**2.**  Baker attached exhibits to its response to the motion, prompting a motion to strike from the Lunn Parties that was denied.  Although it is generally improper on a Rule 12(b)(6) motion for the court to consider extraneous materials, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997), evidence beyond the pleadings is fair game when the motion is under Rule 12(b)(1), *Hay v. Indiana St. Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).  Here, one defendant has moved under Rule 12(b)(6), and other defendants have moved under Rule 12(b)(1).  The court has

been careful to consider the exhibits only when appropriate.

**3.**  In considering Mulder's motion to dismiss under Rule 12(b)(6) the court "assume[s] the truth of the material facts as alleged in the complaint." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).  All reasonable inferences are drawn in the plaintiff's favor. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir.2003).

and "the Lunn Group."[4] *Id.*, ¶ 48. Having learned of Baker's contract to purchase the Property, Lunn and the Lunn Group used their leverage to induce Mulder and the Mulder Group to breach the contract and sell the Property to them. *Id.*, ¶¶ 47, 49.

## III. Analysis

### A. Mulder's Motion to Dismiss under Rule 12(b)(6)

Counts I and II of Baker's complaint are directed at Mulder. In Count I, Baker asks the court to find Mulder's debt nondischargeable under section 523(a)(6) of the Code, 11 U.S.C. § 523(a)(6). In Count II, Baker asks that the debt be found nondischargeable under section 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(A). Because neither of Mulder's arguments for dismissing those claims has merit, his motion to dismiss those Counts will be denied.

### 1. Count I—11 U.S.C. § 523(a)(6)

Baker alleges in Count I that it "had contract rights and an equitable interest in the Property," Compl., ¶ 29, and that Mulder "personally willfully and maliciously injured Baker and its Property by causing the Property to be sold by North 26th to Lunn 26th, LLC after the execution and recording of the Contract," *id.*, ¶ 30. Baker seeks compensatory damages for the "advantages, benefits, gains and profits that would have accrued if Mulder

had delivered the Property pursuant to the Contract," *id.*, ¶ 31, as well as punitive damages, *id.*, ¶ 32.[5] Baker also requests a determination that the debt is nondischargeable under section 523(a)(6).

To prevail on its claim under section 523(a)(6), Baker must establish that Mulder owes it a debt (1) resulting from an injury Mulder caused to another entity, (2) that Mulder's actions in causing the injury were willful, and (3) that his actions in causing the injury were malicious. *Glucona America, Inc. v. Ardisson (In re Ardisson)*, 272 B.R. 346, 356 (Bankr.N.D.Ill. 2001). An action is "malicious" if taken "in conscious disregard of one's duties or without just cause or excuse." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994); *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298 (6th Cir. BAP 2004). An action is "willful," the Supreme Court clarified in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), if both the action itself and the resulting injury—"the consequences of [the] act"—are intended. *Id.* at 61–62, 118 S.Ct. 974; *see also Berkson v. Gulevsky (In re Gulevsky)*, 362 F.3d 961, 2004 WL 626538 at *2 (7th Cir. March 31, 2004); *Rizzo v. Passialis (In re Passialis)*, 292 B.R. 346, 352 (Bankr.N.D.Ill.2003) (noting that willfulness means "intent to cause injury").

Mulder does not challenge Baker's allegations of injury or malice.[6] He argues,

---

4. The complaint is a bit muddled about just who belongs to the "Mulder Group." Baker refers to this group in paragraph 24 of the complaint, alleging that "Mulder, North 26th, Kostner Redevelopment and Mulder's related entities ('Mulder Group') were under financial distress." Compl., ¶ 24. This leaves it unclear whether the Mulder Group is limited to "Mulder's related entities," or whether North 26th Land, LLC and Kostner Redevelopment Group, LLC are also included. Baker describes "the Lunn Group" as consisting of Lunn 26th, LLC, Lunn Partners Cash Man-

agement, LLC, and other entities owned or controlled by Robert Lunn. Compl., ¶ 46.

5. A bankruptcy court can enter a money judgment in a nondischargeability action. *See, e.g., Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir.1997); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1508 (7th Cir.1991).

6. Some post-*Geiger* decisions hold that "willful and malicious" conduct is a single concept, so that a finding of willfulness necessari-

however, that Baker "has failed to allege either the Debtor's specific intent to harm the Plaintiff or the Debtor's specific belief that he was substantially certain to cause harm to the Plaintiff sufficient to state a cause of action under § 523(a)(6)." Mtn., ¶ 11. Mulder, in other words, contends that Baker has not alleged willfulness.

■ The court disagrees. Baker specifically alleges that in breaching the contract Mulder acted "willfully and maliciously." Compl., ¶ 30. True, Baker alleges no facts to support what is essentially a legal conclusion. But facts are not required under the notice-pleading regime of Rule 8, Fed. R.Civ.P. 8 (made applicable by Fed. R. Bankr.P. 7008(a)). In federal courts, a plaintiff "need not plead facts; he can plead conclusions." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir.2000) (quoting *Jackson v. Marion County*, 66 F.3d 151, 153–54 (7th Cir.1995)); *see also Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002) (declaring that complaint "cannot be dismissed on the ground that it is conclusory or fails to allege facts").

■ The question on a motion to dismiss is not whether the complaint alleges facts rather than conclusions, but whether the complaint alleges enough to give the defendant notice of the nature of the claim. "A complaint need only state the nature of the claim; details can wait for later stages." *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir.2002); *McCormick*, 230 F.3d at 323–24 (stating that Rule 8 requires just enough "to allow the court and the defendant to understand the gravamen of the plaintiff's complaint") (inter-

nal quotation omitted). That a complaint may be missing certain facts will not warrant dismissal as long as it is "possible to hypothesize facts ... that would make out a claim." *Graehling v. Village of Lombard*, 58 F.3d 295, 297 (7th Cir.1995).

Baker's complaint satisfies these requirements. The complaint cites section 523(a)(6) and alleges that Mulder "willfully and maliciously" injured Baker by selling the Property to the Lunn Parties. That is enough to put Mulder on notice about the nature of the claim, allowing him to answer. Although Baker has not alleged facts to support its legal conclusions, it is not hard to hypothesize some: that Mulder intentionally breached the contract, not merely to sell the Property to the Lunn Parties, but for the specific purpose of inflicting financial harm on Baker. Therefore, Baker's allegation of willfulness, bald though it may be, is not deficient.

■ This is not to say, of course, that Baker's claim is likely to succeed. To prove its case, Baker will have to make the difficult showing that Mulder's design in breaching the contract had as much to do with his desire to injure Baker as with his own financial gain. At this stage, however, Baker's chances of prevailing at trial are beside the point. "Skepticism about a plaintiff's ability to prove its claims is not a reason to dismiss a pleading." *Alliant*, 277 F.3d at 920.

Because Count I of Baker's complaint adequately alleges willfulness for purposes of section 523(a)(6), Mulder's motion to

ly includes a finding of malice. *See, e.g., Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 605–06 (5th Cir.1998); *cf. Cutler v. Lazzara (In re Lazzara)*, 287 B.R. 714, 725 n. 5 (Bankr.N.D.Ill.2002) (declining to reach the issue). Noting that *Geiger* cited the Restatement (Second) definition of willfulness, still

other decisions hold that a defendant acts willfully if he knows there is a "substantial certainty" his actions will cause injury. *See, e.g., Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 869 (9th Cir.2001); *Rizzo*, 292 B.R. at 353. The Seventh Circuit has yet to address either question.

dismiss that Count will be denied.[7]

### 2. Count II—11 U.S.C. § 523(a)(2)(A)

■ In Count II, Baker alleges that "Mulder misrepresented to Baker that Mulder and 26th and Kostner LLC (which never existed) were the owners of the Property and they had authority to enter into the Contract." Compl., ¶ 34. According to Baker, Mulder made these representations intentionally, knowing they were false. *Id.*, ¶¶ 35–36. Baker further alleges that it "justifiably relied on Mulder's [m]isrepresentations when Baker entered [the] Contract and expended funds for attorney's fees and other expenses in reliance on the Contract." *Id.*, ¶ 37. Again, Baker seeks not only an award of damages but also a declaration that the debt is nondischargeable, this time under section 523(a)(2) of the Code.[8]

■ Section 523(a)(2)(A) exempts from discharge any debt "for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition." 11 U.S.C. § 523(a)(2)(A). To sustain a claim under section 523(a)(2)(A), a creditor must prove (1) that the debtor made a false representation of fact (2) that the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) also made with an intent to deceive, and (3) that the creditor justifiably relied on the false representation. *In re Sheridan,* 57 F.3d 627, 635 (7th Cir.1995); *Citibank (S. Dakota), N.A. v. Michel,* 220 B.R. 603, 605 (N.D.Ill.1998); *Golant v. Care Comm, Inc.,* 216 B.R. 248, 253 (N.D.Ill. 1997); *Bednarsz,* 305 B.R. at 710.

Although Mulder seeks dismissal of Count II for failure to state a claim, he does not contend that Baker's complaint fails to allege any of the elements under section 523(a)(2)(A). Rather, Mulder argues that "[m]ere conclusory allegations without a description of the underlying fraudulent conduct may warrant dismissal. The Plaintiff has not plead [*sic*] the fraudulent circumstances with particularity sufficient to withstand a motion to dismiss." Mtn., ¶ 12. This is an argument that Count II should be dismissed for failure to comply with Rule 9(b), Fed.R.Civ.P. 9(b) (made applicable by Federal Rule of Bankruptcy Procedure 7009).

■ Rule 9(b) says that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). "[P]articularity means 'the

---

7. Mulder has not moved to dismiss Count I on the ground that a section 523(a)(6) claim is limited to torts and cannot be based on a breach of contract. *Cf. Williams v. International Bhd. of Elec. Workers (In re Williams),* 337 F.3d 504, 511 (5th Cir.2003) (finding breach of contract claim viable under section 523(a)(6) as long as willful and malicious conduct accompanies breach). The Lunn Parties mention the point in passing, but Count I is not directed at them, and the claims against them will be dismissed on jurisdictional grounds. Accordingly, this court need not reach the issue.

8. Although the complaint does not specify, Baker must be attempting in Count II to allege a claim under section 523(a)(2)(A). The complaint nowhere alleges that Mulder made a materially false statement of his financial condition, as section 523(a)(2)(B) requires. *See Bednarsz v. Brzakala (In re Brzakala),* 305 B.R. 705, 709 (Bankr.N.D.Ill.2004). In fact, the alleged misrepresentations have nothing to do with Mulder's finances. The court will therefore treat Count II as a section 523(a)(2)(A) claim. Indeed, this may be what Baker intended all along: in alleging that it "justifiably" relied on Mulder's misrepresentations, Baker uses terminology peculiar to section 523(a)(2)(A). *See Field v. Mans,* 516 U.S. 59, 74–75, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

who, what, when, where, and how: the first paragraph of any newspaper story.'" *Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir.1996) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)). Put differently, Rule 9(b) requires that a complaint identify who made the misrepresentation; state the time, place and content of the misrepresentation; and describe how the misrepresentation was communicated. *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003).

Baker's complaint provides all the information that Rule 9(b) demands. The complaint identifies Mulder as the culpable party and also identifies the content of the misrepresentation—that Mulder owned the Property. The complaint's exhibits show that the misrepresentation was written—in the "First Rider" to the contract, the seller, Mulder, "represents and warrants" that he is "the legal title holder of fee simple title" to the Property"—and show that at a minimum the statement came when the parties executed the contract for the sale of the Property, if not before.

Because Baker's complaint alleges fraud with sufficient particularity to satisfy Rule 9(b), Mulder's motion to dismiss Count II will likewise be denied.

## B. The Lunn Parties' Motion to Dismiss under Rule 12(b)(1)

The remaining counts of Baker's complaint, Counts III through VII, contain claims under Illinois state law. Two are claims for damages; the rest seek various forms of equitable relief. These counts are brought only against non-debtor parties: the Lunn Parties, John Terzakis, North 26th Land, LLC, and 26th and Kostner Redevelopment Group, LLC. The Lunn Parties argue that these counts should be dismissed for lack of jurisdiction. Alternatively, given the pending circuit court litigation, the Lunn Parties urge the court to abstain from hearing them.

The initial question to be addressed, of course, is jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (internal quotation omitted). Bankruptcy jurisdiction is conferred on the district courts to hear claims that either "arise under" Title 11, or that "arise in" or are "related to" a case under Title 11. 28 U.S.C. 1334(a), (b). The district court's authority may be delegated—and in this district has been delegated—to bankruptcy judges pursuant to 28 U.S.C. § 157. *See generally Lenior v. GE Capital Corp. (In re Lenior)*, 231 B.R. 662, 667 (Bankr.N.D.Ill.1999).

Baker does not and could not contend that his state law claims in Counts III through VII either "arise under" Title 11 or "arise in" a bankruptcy case. In the complaint, however, Baker does allege that all five counts are "related to" Mulder's bankruptcy.

### 1. Counts IV and VI

■ Baker is mistaken. In no respect, first of all, are Counts IV and VI related to the bankruptcy. Count IV requests damages against the Lunn Parties for tortious interference with Baker's contract to purchase the Property. Count VI requests damages from the Lunn Parties and Terzakis for tortious interference with Baker's business expectancy in owning the Property.

■ Two kinds of claims can be related to a bankruptcy case: (1) claims the debtor owns that become property of the estate, and (2) "suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n. 5, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). This circuit narrowly

interprets what "effect" is enough to confer "related to" jurisdiction. *In re FedPak Sys., Inc.*, 80 F.3d 207, 213 (7th Cir.1996). A dispute between third parties is related to a bankruptcy only if "the dispute affects the amount of property for distribution [*i.e.*, the debtor's estate] or the allocation of property among creditors." *Id.* (citations and internal punctuation omitted); *Lenior*, 231 B.R. at 667. Mere overlap between the dispute and the debtor's affairs is not enough. *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir.1989).

Baker has not answered the Lunn Parties' jurisdictional challenge to Counts IV and VI and so has not even attempted to explain how the claims in those counts are related to this bankruptcy case. The attempt would have been futile in any event. A damage award in favor of Baker, a non-debtor, against either the Lunn Parties or Terzakis, also non-debtors, could not possibly affect Mulder's bankruptcy estate or the distribution of property to his creditors. *See Bethlahmy v. Kuhlman (In re ACI–HDT Supply Co.)*, 205 B.R. 231, 237–38 (9th Cir. BAP 1997) (finding no jurisdiction over third parties' damage claims against other third parties); *Wayne Film Sys. Corp. v. Film Recovery Sys. Corp.*, 64 B.R. 45, 52–53 (N.D.Ill.1986) (dismissing creditor's damage claims against third parties as not "related to" bankruptcy case); *In re O'Malley*, 252 B.R. 451, 458–459 (Bankr.N.D.Ill.1999) (dismissing non-debtor's fraud claims against other non-debtors for lack of jurisdiction).

The court lacks jurisdiction over Counts IV and VI. Those counts will be dismissed.

### 2. Counts III, V and VII

There is no jurisdiction over Counts III, V and VII, either. Count III is a claim against North 26th Land, LLC for reformation of Baker's contract to purchase the Property. Baker would have the court reform the contract to reflect that the seller was in fact "North 26th Land, LLC." That relief, were Baker to obtain it, would have no effect on Mulder's bankruptcy estate, neither increasing nor decreasing it. Nor would it have any effect on the allocation of property among Mulder's creditors. *FedPak*, 80 F.3d at 213. Disputes between third parties over property not part of the estate are not "related to" the bankruptcy. *In re Xonics, Inc.*, 813 F.2d 127, 130 (7th Cir.1987); *In re Pentell*, 777 F.2d 1281, 1284 (7th Cir.1985); *In re Denalco Corp.*, 57 B.R. 392, 395–96 (N.D.Ill.1986).

The same holds true for Count V, a quiet title claim against Lunn 26th, LLC. Baker alleges that its interest in the Property is superior to the interests of Lunn 26th, LLC because its contract was recorded before the deeds to Lunn 26th, LLC. Baker asks the court to invalidate the interest of Lunn 26th, LLC and declare Baker's interest superior. Although the grant or denial of this relief would affect Lunn 26th, LLC and Baker, a decision about which of these two entities has title to the property—property that is not claimed to be part of the bankruptcy estate—can have no consequences for Mulder's estate or his creditors. *See In re Edwards*, 962 F.2d 641, 643 (7th Cir.1992) (finding no jurisdiction to determine third parties' rights in property not part of the bankruptcy estate); *Xonics*, 813 F.2d at 130.

And the same is true, finally, for Count VII, a specific performance claim against Lunn 26th, LLC. Baker alleges that it is ready, willing and able to perform under the contract Baker says Mulder signed as agent for North 26th Land, LLC. Baker asks the court to compel North 26th Land, LLC to close the transaction and convey the Property to Baker. This claim is no more "related" to Mulder's bankruptcy

than the reformation and quiet title claims. Whether the Property is conveyed to Baker or whether it remains in other hands is of no moment to Mulder, Mulder's bankruptcy estate, or Mulder's creditors. *Fed-Pak*, 80 F.3d at 213. There is no bankruptcy jurisdiction here.

In urging the court to exercise jurisdiction, Baker tries to fashion some relationship between its own claims and the bankruptcy. Baker makes two rather convoluted arguments about how that relationship might come about:

• *First*, Baker suggests that North 26th Land, LLC might have fraudulently conveyed the Property to the Lunn Parties. If the conveyance were avoided, Baker says, the Property could then be sold to Baker, and the profits from the sale would somehow flow from North 26th Land, LLC to Mulder's bankruptcy estate.

• *Second*, Baker claims that Mulder guaranteed a second mortgage on the Property (although the complaint mentions neither a second mortgage nor a guaranty). Baker contends—or appears to contend—that if there were a foreclosure sale of the Property, the sale "probably" would not produce enough proceeds to pay the second mortgage, and in that event Mulder would end up liable to the second mortgagee. Baker Mem. at 7.

Though superficially different, each of these arguments really boils down to the same thing: if certain claims are made, and if certain events relating to those claims come to pass, Mulder's liabilities might be increased or decreased.[9]

The problem with these arguments is twofold. First, as the Lunn Parties correctly note, the claims Baker describes are not Baker's claims here. Baker has not brought a fraudulent conveyance or a mortgage foreclosure action. Baker's claims in its adversary are the ones outlined above: reformation, quiet title and specific performance. (Indeed, Baker could not bring a mortgage foreclosure action if it wanted to. Baker is not a mortgagee of the Property. Parkway Bank and Trust Company holds the first mortgage and, according to Baker, International Bank of Chicago holds the second.) Questions about "related to" jurisdiction concern the relationship between the bankruptcy case and claims a party has actually tried to assert in the bankruptcy, not claims the party might someday assert if the stars are right, or claims someone else has asserted somewhere else.

Second, the claims Baker conjures up to support jurisdiction rest on contingencies. To be "related to" a bankruptcy in this circuit, however, a proceeding "must have a real or tangible" impact on the bankruptcy estate or on distributions to creditors. *Salem Mills, Inc. v. Wisconsin Tool & Stamping Co. (In re Salem Mills, Inc.)*, 148 B.R. 505, 509 (Bankr.N.D.Ill.1992). That impact cannot rest on "some probable or contingent occurrence." *Id.* Where a proceeding would "not necessarily have a financial effect" on the estate or on distributions to creditors, *Spaulding & Co v. Buchanan (In re Spaulding & Co.)*, 131 B.R. 84, 88 (N.D.Ill. 1990), where the effect would at best be "highly contingent and problematic," *Schwinn Cycling & Fitness, Inc. v. Benonis (In re Schwinn Bicycle Co.)*, 210 B.R.

---

9. A similar (and simpler) theory, not advanced here, would be that a Baker victory on its equitable claims would reduce Baker's damage claims against Mulder in Counts I and II of the adversary complaint. *Cf. Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302,

1307 (9th Cir.1989) (holding specific performance claim between two third parties "related to" bankruptcy because specific performance, if granted, would reduce liability on third party's breach of contract claim against debtor).

747, 756 (Bankr.N.D.Ill.1997), the claims are too remote from the bankruptcy to confer jurisdiction. *See also Kalamazoo Realty Venture L.P. v. Blockbuster Entertainment Corp.*, 249 B.R. 879, 885 (N.D.Ill. 2000).

The claims Baker theorizes are nothing if not "highly contingent and problematic." *Schwinn*, 210 B.R. at 756. For there to be any impact on Mulder's estate or on distributions to his creditors, a whole series of events must take place. Either (1) the transfer to North 26th Land, LLC must be avoided, the Property sold to Baker, and the proceeds find their way into the estate; or (2) the Property must be sold at foreclosure, insufficient proceeds realized to pay off both the first and second mortgages, and a claim brought against Mulder on the guaranty. Either way, these events are too speculative and place these claims (assuming they had been made) at too great a distance from Mulder's estate and creditors for federal jurisdiction to be appropriate. "Related to" jurisdiction simply "does not stretch this far." [10] *Doctors Hosp. of Hyde Park, Inc. v. Desnick (In re Doctors Hosp. of Hyde Park, Inc.)*, 308 B.R. 311, 317–318, 2004 WL 385339 at *3 (Bankr. N.D.Ill. Feb. 26, 2004) (refusing to find jurisdiction based on "mere possibility" that creditor's recovery elsewhere might reduce claim against debtor); *see also Riv-*er Oaks L.P. v. Things Remembered, Inc.*, 1993 WL 147409 at *2–3 (N.D.Ill.1993) (finding no jurisdiction where claim's effect on bankruptcy was "merely potential").

The court lacks jurisdiction over Counts III, V and VII of the complaint. Those counts will also be dismissed.

## IV. Conclusion

The motion of defendant Rudy Mulder to dismiss Counts I and II of the complaint for failure to state a claim is denied. Mulder's answer to the complaint is due April 21, 2004. The motion of defendants Robert J. Lunn, Lunn 26th, LLC, and Lunn Partners Cash Management, LLC to dismiss Counts III through VII of the complaint for lack of jurisdiction is granted.[11]

---

**10.** The merit of Baker's first hypothetical claim is questionable in any event. Baker envisions a fraudulent conveyance action that would void the sale and move the proceeds from North 26th Land, LLC to Mulder's bankruptcy estate. But Baker has neither pleaded nor proved that Mulder owned an interest in North 26th Land, LLC. Even if Mulder owned such an interest, only that interest would be property of the bankruptcy estate. *In re Albright*, 291 B.R. 538, 540 (Bankr.D.Colo. 2003). Property belonging to the limited liability company itself would not. *Associates Commercial Corp. v. Rodio (In re Rodio)*, 257 B.R. 699, 701 (Bankr.D.Conn.2001); *see also* 805 ILCS 180/30–1(a)(2002) ("A member is not a co-owner of, and has no transferable interest in, property of a limited liability company.") If the sale were voided as a fraudulent conveyance, then, the monies recovered would belong to North 26th Land, LLC, not to Mulder.

**11.** Because Counts III through VII are dismissed for lack of jurisdiction, the Lunn Parties' request for abstention need not—indeed cannot—be addressed. *Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 338 F.3d 89, 94 (2nd Cir.2003) ("A court that lacks jurisdiction over a matter cannot 'abstain' from deciding that matter.").